IN THE UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF OKLAHOMA

MARTINA O. OLUPITAN, MHA,

Plaintiff

v.

1. STATE OF OKLAHOMA EX. REL. THE BOARD OF REGENTS OF THE UNIVERSITY OF OKLAHOMA,
2. MICHAEL J. SMITH, PHARM.D.,
3. GARY RASKOB, Ph.D.,
4. VALERIE WILLIAMS, Ph.D.,
5. LAURA STUEMKY, M.D.,
6. ASHLEY CHEYNEY, Ph.D.,
7. ANDREI BELOUSOV, Ph.D.,
8. KATHERINE O'NEAL, PHARM.D.,
9. LORI KLIMKOWSKI,

Defendants,

FILED

JUL 15 2024

JOAN KANE, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY_____, DEPUTY

Case No.   5 – 24 – 00349 - G

Respectfully submitted,

Martina Olupitan, MHA

PO BOX 950742

OKC, OK 73195

(918) 282 – 6493 martina.olupitan@gmail.com

## **PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff, Martina O. Olupitan, Pro Se, hereinafter referred to as Movant, hereby submits this M                                                       Motion for Summary Judgment. As shown below, and as supported in the accompanying Statement of Facts, Statement of Material Facts As To Which There Is No Genuine Disputes, and Evidence, no genuine issue of material fact exists in this action. Movant is entitled to judgment in her favor as a matter of law on all Counts of the Complaint, Summons, Certificate of Service, and exhibits submitted to the Defendants' and Court.

Accordingly, summary judgment should be entered for Movant.

### I.   **INTRODUCTION**

Movant was subjected to multiple misrepresentations and unethical conduct. Movant was not afforded the opportunity for fair dealings in pursuant to the Governmental Tort Claims Act, 51 O.S. §§ 151, et seq and other Claims in the communications with OU.

Following a series of egregious and unlawful acts, committed by Defendants and the authorized counsel that administers claims against OU, Movant was subjected to fear and intimidation on June 7th, 2024; in order to force her into action by June 26th, 2024, while knowing that Movant already had been through a lot with her last moments at OU; which did not stop at OU, but continued when the settling party willfully intended on exaggerating fact and by way of improperly permitting their silence and inaction to mislead Movant and fraudulently force a no resolution at the end of the 90 days and to attempt to cause the Statue of Limitations to run out, while OU's Legal Counsel directly and indirectly permitted unlawful continued settlement discussions after January 25th, 2024.  Movant was not afforded the right to be responded to prior to January 25th, 2024, which was within the 90-day period. Movant was ignored and disregarded, while the Norman and Edem law firm's $10 million dollar demand in compensation was accepted and responded to within a short span of time.

The settling party authorized to settle claims against OU conspired to, and caused Movant to be subjected to multiple misrepresentations calculated to lull Movant into sitting on her rights, including OU's Legal Counsel implying to the Court that they had no way of contacting Movant but by US mail, when they reasonably knew or should have known that this was unethical and not true; in seeing Movant had communications with OU and

OU's Legal Counsel and the GTCA (which OU's Legal Counsel acknowledged) sent by the Norman and Edem law firm to the OU Board of Regents had Movant's phone number. OU had multiple ways to contact Movant by postal mailing, email, and phone; in seeing OU had this information along with the State of Oklahoma Risk Management.

On the 26th of June 2024; Movant attempted to speak with OU's Legal Counsel but was placed on hold after Pilgreen answered the phone. The Office of OU's Legal Counsel had Movant's phone number but failed to promptly return her telephone calls and respond to correspondence from Movant, which is an unrepresented party. Movant used additional time and money that Movant does not freely have in her issuance of a second summons to OU Board of Regents as OU's Legal Counsel was willfully neglectful and failed to prevent Movant from further financial harm, but rather succumbed her to further debt, and an added stressor along with indirect fear and intimidation involving the State of Oklahoma. These acts are in violation of OU Legal Counsel's lawful duties as attorneys and or officers of the court, while serving as representatives of the Defendants.

OU's Legal Counsel owed the Court and Movant a duty of candor, which OU's Legal Counsel failed to fulfill in its legal proceedings with Movant prior to the filing of Movant's lawsuit and thereafter.

Defendants breached written agreements, knowing that Movant would rely on their representations, Movant detrimentally relied on their representations. Movant in her dealings with OU prior to a lawsuit and thereafter was subjected to fraudulent misrepresentations calculated to lull Movant into sitting on her rights.

Defendants have committed abuses of power in violation of 42 U.S.C. 1983, which included unlawful acts, under the "color of law" and conspired to, and willfully deprived Movant of her rights protected by the Constitution or U.S. law, in a time when the Movant was denied the right to procedural due process in violation of the Fourteenth Amendment to the Constitution of the United States; whom Movant has protected liberty and/or property interests in her investment in the program at the OUCOP, her professional reputation, and the value of her education and privacy.

Defendants subjected Movant to libel defamation when Defendants' knowingly and willfully publicly used a false writing of a 0 out of 121 points for PHAR 7713 exam 2 as if Movant failed to be in attendance through an unexcused absence; when Movant scored a much higher score for her PHAR 7713 exam 1 to subject Movant to public humiliation; while conducting retaliation through taunting and punishing her by keeping her enrolled well past her official dismissal date and exhausted time, while ruining her reputation amongst her classmates and other professors.

Defendants subjected Movant to libel defamation when Defendants' knowingly and willfully used a false writing on a federal document protected under the Education and Privacy Act of 1974 aka FERPA, knowing the document to contain a materially false, or fraudulent statement, in violation of 18 U.S. Code § 1001.

Defendants conspired to commit the above offense against Federal Student Aid; an agency in the United States in order to defraud the United States' Agency - Federal Student Aid.gov, and acting to affect the object of the conspiracy, in violation of 18 U.S. Code § 371.

Defendants willfully misrepresented Movant's transcript which is a federal document protected under the Education and Privacy Act of 1974 aka FEPRA; while reporting information to FederalStudentAid.gov that is not consistent with what Movant was told in writing of a dismissal from OU and her final grade for PHAR 7456 after the conclusion of the Academic Appeal Hearing.

Prior to a lawsuit being filed, and thereafter, OU's Legal Counsel as the representatives of OU – OU Board of Regents were notified and given the opportunity to go about dealings fairly and make right; but instead, OU's Legal Counsel were vague, misleading, and showed disregard.

## II.   STATEMENT OF MATERIAL FACTS

The Academic Year of 2022 – 2023, Defendants entered into contracts with Movant; but Defendants failed to uphold their end of the written agreements and instead of doing what was fair; the Movant was penalized and subjected to multiple misrepresentations calculated to lull Movant into sitting on her rights.

The Academic Year of 2022 – 2023, Defendants violated Movant's fourteenth amendment procedural due process rights by way of 42 U.S.C. § 1983 when the Defendants' failed to apply fair and impartial procedural policies and to treat Movant similarly to Defendant Cheyney in the sense of an equitable hearing and to uphold the requirements of the policies and procedures that were clearly violated by Cheyney. Movant was treated immensely differently than Cheyney, who is of a different race and national origin than Movant.

The Academic Year of 2022 – 2023, Defendants subjected Movant to libel defamation to justify retaining funds and to subject Movant to public humiliation and to be questioned by professors and classmates/students of her whereabouts.

The Academic Year of 2022 – 2023, Defendants subjected Movant to intentional infliction of emotional distress; while reasonably knowing Movant was on the verge of a crisis; which led to emotional distress and mental anguish in her later moments with the University.

A GTCA notice was filed and sent by the Norman and Edem law firm to OU Board of Regents and Office of Risk Management. The claim was acknowledged and responded to requesting documentation for the $10 million dollar demand of compensation. The claim was approved on January 3rd, 2024, and an offer was sent solely to Movant. Movant sent her counteroffer on January 4th, 2024, which was less than the $10 million dollar compensation requested and signed by Mark Bonner with Norman and Edem law firm. The settling party permitted their silence and inaction to force a no resolution at the end of the 90- day period. Movant was sent a denial letter. On February 23rd, 2024; Movant hired an attorney (Eddy) to negotiate pre-litigation. Movant and Eddy withdrew from each other, after Movant considered it would be in her best interest of a withdrawal of release.

On March 25th, 2024; The State of Oklahoma Risk Management referred Movant to OU's Legal Counsel and implied they were expecting her call. On March 25th, 2024; Weitman acknowledged Eddy law firm was not representing Movant. Weitman subjected Movant to multiple misrepresentations including stating Movant was represented by Norman and Edem law firm, while an offer of $8,500.00 was solely sent to Movant. Norman and Edem law firm did not provide a contingent fee agreement nor any contract for services to Movant prior to the GTCA notice sent out or thereafter. Norman and Edem's law firm confirmed on March 25th, 2024; that there was no retainer fee agreement. OU's Legal Counsel exaggerated facts regarding the right to continued settlement discussions, including their legal obligations as OU's Legal Counsel as the OU Enterprise Risk Management Department. OU's Legal Counsel positioned themselves to settle Movant's claim after the 90-day period; after permitting their silence and inaction to force a no resolution at the end of the 90- day period. OU's Legal Counsel exaggerated fact when implying there was no room to go up from the $8,500.00; and denied Movant implying she would now get nothing, while acknowledging Norman and Edem's $10 million dollar demand in compensation without denying outright but being responsive instead. OU's Legal Counsel stated Movant would have to get herself a lawyer and file a lawsuit.

Movant filed in court on April 8th, 2024. Shortly after Movant filed in federal court, Movant provided notice that she has filed in federal court to OU's Legal Counsel and gave OU the opportunity to make right in their failure to go about legal proceedings fairly; OU's Legal Counsel failed to respond. On June 7th, 2024; Movant returned the call

of State of Oklahoma; who stated OU wants to give Movant some money and went up from their last offer of $8,500.00 to $9,000.00; the State of Oklahoma declares this amount to be what Movant was promised; Movant does not understand the inconsistency in numbers; nor the reason Movant was subjected to indirect deceit, fear, and intimidation on OU's behalf.

### III.   CLAIMS UPON WHICH JUDGMENT IS SOUGHT

**A. Plaintiff is entitled to Summary Judgment on claims 1 through 5: Breach of Contracts through the Defendants' failure to abide by Academic Policies and Procedures: OU Health Sciences Center Faculty Handbook and OU Health Sciences Center Student Handbook.**

1. <u>Burden of Proof and Elements</u>

   Defendants (OU, Cheyney, Belousov, Smith, Stuemky, Klimkowski, Williams) committed these acts against the Movant, when they were willfully aware that Movant would rely on their written agreement and or their position of authority with OU.

   (Reference Documents: Complaint along with Documents 1 - 4, 1 – 5, 1 – 6, 1 – 7, 1 – 8, 1 – 9, 1 – 10, 1 – 11, 1 – 12, 1 – 13, 1 – 14, 1 – 15, 1 – 25, 1- 26, 1 – 27,

   1 – 28 all filed on 04/08/24,

   Document 8 – 1 Page 30 of 102, Document 8 – 1 Pages 32 – 34 of 102, Document 8 – 1 Page 71 of 102, Document 8 – 1 Pages 79 - 85 of 102, Document 8 – 1 Page 89 of 102 all filed on 06/12/24 Certificate of Service served on all nine defendants and filed with the Court)

**B. Plaintiff is entitled to Summary Judgment on claim 6: Right to Due Process.**

1. <u>Burden of Proof and Elements</u>

   The Movant's claim of Violation of 42 U.S.C. § 1983 of the Fourteenth Amendment right of the United States Constitution.

Movant was dismissed from OU without due process of law due to the failure of Defendants (Raskob and Williams) to apply fair and impartial procedural policies and to treat Movant similarly to Defendant Cheyney in the sense of an equitable hearing and to uphold the requirements of the policies and procedures that were clearly violated by Cheyney. Raskob failed to investigate the matter ethically and fairly, although he had to have reasonably known there to have been a violation of Movant's right to due process; when he implied Movant's claim to have fell under a manifest of procedural irregularities that effectively denied the student the right to a fair hearing. Movant was impermissibly treated differently than Cheyney, who is of a different national origin and race than Movant. Raskob and Williams enforced a prejudiced gap between Cheyney and Movant, which violated OU Academic Policies and Procedures in the sense of the right to due process for both parties, but instead allowed Movant to be further succumbed to a manifest of irregular procedures that effectively denied the student the right to a fair hearing.

While also Williams suppressed details until Movant was dismissed and her exhausted time had run its course. Including OU cc'ing OU's Legal Counsel on email communications pertaining to matters relevant to the hearings; prior to the hearings taking place and thereafter.

(Reference Documents: Complaint along with Documents 1 – 10, 1 – 11, 1 – 12, 1 – 13, 1 – 14, 1 – 15, 1 – 17 all filed on 04/08/24,

Document 8 – 1 Pages 29 - 30 of 102, Document 8 – 1 Pages 33 - 36 of 102, Document 8 – 1 Pages 53 - 54 of 102, Document 8 – 1 Pages 59 – 61 of 102, Document 8 – 1 Pages 68 – 69 of 102, Document 8 – 1 Pages 76 of 102 all filed on 06/12/24 Certificate of Service served on all nine defendants and filed with the Court)

### C. Plaintiff is entitled to Summary Judgment on claims 7 through 8: Libel Defamation.

1. <u>Burden of Proof and Elements</u>

Defendants committed these unlawful and egregious acts against the Movant, when they reasonably knew or should have known that Movant was dismissed by OU – Dean Smith when the dismissal came from OU – OU Health Sciences Center – OU College of Pharmacy where faculty, staff, and the Dean conducted business. Movant was given the dismissal letter and email by Defendant Smith through OU, who was Movant's

professor for PHAR 7242 and Dean of the OU College of Pharmacy. Defendants subjected Movant to public humiliation, embarrassment, libel defamation, and set her up to be questioned by professors, classmates, and students with OU.

**Relevant to Claim 8:** Defendants subjected Movant to libel defamation when Defendants' knowingly and willfully used a false writing on a federal document protected under the Education and Privacy Act of 1974 aka FERPA, knowing the document to contain a materially false, or fraudulent statement, in violation of 18 U.S. Code § 1001.

Eight of the nine defendants (excluding O'Neal) should have had knowledge of Movant's grade for PHAR 7456 (D and or 6.000 credit hours) prior to the Academic Appeal Hearing(s) the Academic Year of 2022 – 2023 and thereafter. Cheyney introduced Movant's final grade for PHAR 7456 as an exhibit during the Academic Appeal Hearings.

OU's Legal Counsel prior to the Academic Appeal Hearings and at the conclusion of the Academic Appeal Hearing had knowledge of Movant's grade for PHAR 7456; in seeing OU's Legal Counsel was copied on email communications including at the conclusion of Movant's Academic Appeal Hearing with the ruling determination email sent to Movant on January 30th, 2023, and January 31st, 2023, by OU.

OU's Legal Counsel had knowledge of Movant's grade for PHAR 7456 which is listed on Movant's Official Transcript which is protected under FERPA – Family Educational Rights and Privacy Act showing inconsistencies in her education records, prior to Movant filing in Court and thereafter.

OU's Legal Counsel is considered a school official that had a legitimate educational interest in Movant's file. Movant was told by the Office of Legal Counsel that OU's Legal Counsel (Dan) had Movant's file. Movant brought the attention to OU's Legal Counsel in writing and verbally of her defamed transcript. Movant even supplied evidence of her defamed transcript prior to filing in Court and thereafter; OU's Legal Counsel ignored Movant and refused to correct her education records.

OU's Legal Counsel made an Entry of Appearance for all nine defendants; which includes OU Board of Regents and requested a Motion for an Extension of Time; in which the representatives for OU had stated they plan to file a motion to dismiss all claims by July 16th, 2024.

OU is a public university that receives funding and or is involved in voluntary participation with the Department of Education/Free Application for Federal Student Aid; a federal agency that allows students to receive federal funds to pay for college. Movant submitted evidence to Defendants and the Court of Federal funding used to pay for most

of Movant's College. The Complaint and evidence served on all nine defendants show the inconsistencies in Movant's Official Transcript along with supporting evidence; yet instead of the representatives of OU being compliant with FERPA; in OU's response to Movant's Complaint and or the representatives of OU filed a Motion for an Extension of Time; in which they had stated that they plan to file a motion to dismiss all claims by July 16th, 2024.

OU is willfully in violation of FERPA/Family Educational Rights and Privacy Act passed by Congress in 1974 and reasonably know or should know the consequences for violating FEPRA, as a public university that voluntarily participates with the Department of Education/FAFSA, a federal agency.

(Reference Documents: Complaint along with Documents 1 – 18, 1 - 19, 1 – 20, 1 – 21, 1 – 22, 1 – 23, 1 – 24, 1 – 25, 1 -26, 1 – 27, 1 – 28, 1 – 29, 1 – 30, 1 – 31, 1 – 32,

Document 8 -1 Pages 29 – 34 of 102, Document 8 – 1 Pages 72 - 75 of 102, Document 8 – 1 Page 78 of 102 all filed on 06/12/24 Certificate of Service served on all nine defendants and filed with the Court)

### D. Plaintiff is entitled to Summary Judgment on claim 9: Intentional Infliction of Emotional Distress.

1. Defendants committed this unlawful and egregious act against the Movant when Defendant Smith reasonably knew that Movant was suffering from the later events within OU. Movant had multiple communications with Defendant Smith including with faculty and or staff of OU. Defendant Smith referenced Movant's stress in their meeting on March 2nd, 2023; including knowing Movant was on the verge of a crisis that eventually led to severe emotional distress. Yet, Defendants continued to keep Movant on the seating charts and enrolled until May 12th, 2023; although Movant was dismissed in the middle of the semester.

(Reference Documents: Complaint along with Documents 1 – 20, 1 – 21, 1- 22, 1- 23, 1- 24, 1 – 31,

Document 8 -1 Pages 38 – 52 of 102, Document 8 -1 Pages 55 – 58 of 102, Document 8 - 1 Pages 62 - 67 of 102, Document 8 -1 Pages 72 - 76 of 102, Document 8 -1 Page 78 of 102 all filed on 06/12/24 Certificate of Service served on all nine defendants and filed with the Court)

## **Continued Unlawful Settlement Discussions**

1. The authorized legal counsel intended on dragging out settling Movant's claim including subjecting Movant to unethical practices to unlawfully force a no resolution at the end of the 90 days and or attempt to cause Movant's Statute of Limitations to run out by subjecting Movant to multiple misrepresentations calculated to lull Movant into sitting on her rights. The authorized legal counsel reasonably knew this to be unethical, egregious, unlawful, and severely damaging; yet violated the Governmental Tort Claims Act, 51 O.S. §§ 151, et seq., while showing a disregard for the law and the Court in their failure to be fair and honest in legal proceedings and dealings with Movant.

2. The authorized legal counsel was responsive to Norman and Edem law firm's $10 million dollar demand for compensation, while willfully ignoring Movant's demand for an amount less than $10 million dollars prior to January 25th, 2024, and thereafter. Movant had no knowledge of the specifics or amount demanded in the notice sent by the Norman and Edem law firm until after the State of Oklahoma and Board of Regents received the GTCA notice.

3. OU's Legal Counsel were reasonably aware of the mental anguish of the Movant; yet willfully intended on putting Movant through additional stress, and to cause further harm.

4. OU's Legal Counsel failed to abide by the OU Enterprise Risk Management Division procedural duties in the obligations as OU's Legal Counsel when it came to legal proceedings and dealings with Movant.

5. OU Legal Counsel's public communications failed to reflect appropriate civility, professional integrity, personal dignity, and respect for the legal system and the judiciary, when it was implied on July 1st, 2024 that OU's Legal Counsel did not have Movant's phone number and or quicker method to contact Movant; although Movant spoke with the Office of OU's Legal Counsel and had direct communications with OU's Legal Counsel; whom has made an Entry of Appearance for Defendants via Electronic Case Filing System. The Electronic Case Filing System also provided OU's Legal Counsel readily access of activity through their subscription of services.

6. The settling party denied Movant the right to due process in their failure to go about legal proceedings fairly and honestly but instead had the State of Oklahoma subject Movant to indirect deceit, fear, and intimidation on behalf of OU directed at Movant.

Movant's claim was approved within 90 days, but due to the failure of the authorized legal counsel and or settling party to abide by the law but rather violate the Governmental Tort Claims Act, 51 O.S. §§ 151, et seq law; including their egregious practices and unlawful acts; Movant was denied the right to fair dealings with the settling party.

The failure of the settling party and or authorized legal counsel to not abide by policies and procedures; has caused lifetime debt and accruing interest, inadequate financial means, indefinite medical expenses, reputational damage, emotionally damaged from the indirect deceit and intimidation inflicted on Movant, and loss enjoyment of life.

Furthermore, Movant was contacted by the State of Oklahoma Risk Management; after Movant had filed in Court and after Movant advised OU's Legal Counsel of her filing in Court. On the 7th of June 2024; State of Oklahoma stated that OU wanted to go up from their last offer to raise it to an offer of $9,000.00; and implied that if Movant declined, then Movant would have to get counsel and bring a lawsuit by June 26th, 2024, otherwise Movant gets nothing. Movant was not afforded fair dealings. Movant now sees that the communications were to instill fear and intimidation; including unlawful acts, and indirect deceit on behalf of OU directed towards Movant.

(Reference Documents: Document 8 -1 Pages 4 - 11 of 102, Document 8 -1 Pages 16 – 24 of 102, Document 8 -1 Pages 27 – 28 of 102, Document 8 -1 Page 13 of 102 all filed on 06/12/24 Certificate of Service served on all nine defendants and filed with the Court, Document 22 – 1 Pages 1 - 40 of 53 all filed on 07/10/24 with the Court and through ECF the Opposing Counsel were notified)

Movant had communications prior to July 1st, 2024, with OU, OU's Legal Counsel, Office of Legal Counsel, the Board of Regents staff, and the State of Oklahoma on OU's behalf. OU's Legal Counsel exaggerated fact in their pleading with the Court; while OU's Legal Counsel failed to return Movant's phone call and or speak with Movant.

**Plaintiff is entitled to Summary Judgment on the Governmental Tort Claim:** The authorized legal counsel could have either denied the GTCA outright or did nothing, but instead within the 90 days acknowledged the claim with a $10 million dollar demand in compensation, approved the claim, forced a no resolution at the 90-day due to the settling party's failure to go about legal proceedings lawfully, but instead went about settlement

discussions unlawfully to lull Movant into sitting on her rights; while also indirectly subjecting her to deceit, fear and intimidation.

Movant supplied supporting evidence including from OU, Office of Legal Counsel, OU's Legal Counsel, Norman and Edem law firm, Contract for Services Eddy law firm, State of Oklahoma Risk Management, along with Transcriber Certificates that prove OU's Legal Counsel failed to abide by their legal obligations, while failing to go about legal proceedings lawfully within the 90-day period and thereafter.

The cause of actions and or incidents included resulting in a loss of tuition payments and fees; in which OU took responsibility and liability for in their allowance of approving Movant's claim on January 3rd, 2024. And the unlawful settlement discussions directly and indirectly on OU's behalf through June 7th, 2024.

Movant asks the Court for a Motion for Summary Judgment in the amount that the authorized legal counsel acknowledged and were responsive to by way of accepting the notice sent by the Norman and Edem law firm with $10 million dollar demand in compensation:

Movant asks that this Court issue a summary judgment, for an amount less than $10,000,000.00 for all present and future damages incurred and owed due to OU and their representatives' actions.

Respectfully submitted,

Martina Olupitan, MHA

PO Box 950742

OKC, OK 73195

(918) 282 – 6493

email: martina.olupitan@gmail.com