UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **MARTINA O. OLUPITAN, MHA,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | )   Case No. CIV-24-349-G |
| | ) |
| **STATE OF OKLAHOMA** *ex rel.* | ) |
| **THE BOARD OF REGENTS OF THE** | ) |
| **UNIVERSITY OF OKLAHOMA** | ) |
| **et al.,** | ) |
| | ) |
|     **Defendants.** | ) |

## ORDER

Now before the Court is Plaintiff Martina O. Olupitan's Motion (Doc. No. 38), seeking leave to use the Court's Electronic Case Filing ("ECF") System as a pro se filer.

While the Court recognizes that Plaintiff views Defendants as potentially having an advantage due to being able to file documents electronically, it rejects the proposition that Plaintiff's due process rights are violated by her inability to do so. *See* Fed. R. Civ. P. 5(d)(3)(B) (prescribing that a person not represented by an attorney "may file electronically only if allowed by court order or by local rule"); *ECF Policies & Procedures Manual* § I(A)(1) ("Litigants proceeding *pro se* (without attorney representation) may not file electronically."). Accordingly, Plaintiff must continue to file paper documents by presenting them to the Court Clerk's Office either in person or through U.S. Mail.

Should Plaintiff encounter delays or difficulties due to use of paper filing, the Court will consider the issuance of relief as appropriate.

Plaintiff, however, may view the case docket and filings on the ECF system at no charge at the Court Clerk's Office during regular business hours. Plaintiff also may access the ECF system remotely for viewing purposes. *See ECF Policies & Procedures Manual* § III(A), (B). Plaintiff "is entitled to a paper copy of any electronically filed document." *Id.* § II(B)(2)(a) ("The filing party must provide non-registered parties with a copy of the document in accordance with the Federal Rules of Civil . . . Procedure."); *see also* Fed. R. Civ. P. 5(a)(1), (d)(1). The Court Clerk will send a copy of any order issued by the Court to Plaintiff's last known address. *See* LCvR 5.4. In addition, the parties are permitted to consent to service upon each other by e-mail or other means. *See* Fed. R. Civ. P. 5(b)(2)(E), (F).

Plaintiff's Motion (Doc. No. 38) is therefore DENIED.[1]

IT IS SO ORDERED this 21st day of January, 2025.

_____
CHARLES B. GOODWIN
United States District Judge

---

[1] Plaintiff's Motion notes several pending motions in this case. As contemplated by the Order of July 23, 2024 (Doc. No. 31), Plaintiff's Motion for Summary Judgment (Doc. No. 23) and proceedings thereon remain STAYED pending further order of the Court.