# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **MARTINA O. OLUPITAN, MHA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. CIV-24-349-G |
| | ) |
| **STATE OF OKLAHOMA** *ex rel.* | ) |
| **THE BOARD OF REGENTS OF THE** | ) |
| **UNIVERSITY OF OKLAHOMA** | ) |
| **et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## ORDER

Now before the Court are Plaintiff Martina O. Olupitan's Motion to Disqualify Opposing Counsel (Doc. No. 21) and Supplement (Doc. No. 22), seeking to have certain of the defendants' counsel disqualified and removed from the case. Defendants have responded in opposition. *See* Defs.' Resp. (Doc. No. 24).

*I.     Background*

Plaintiff, who appears pro se, brings this 42 U.S.C. § 1983 action, along with multiple state-law claims, against nine Defendants, which include the State of Oklahoma *ex rel.* the Board of Regents of the University of Oklahoma ("OU") and certain individuals who hold positions at the University of Oklahoma College of Pharmacy ("OUCOP"), OU Health Sciences Center, and OU College of Medicine. *See* Compl. (Doc. No. 1) at 2-4. Plaintiff alleges that she was pursuing a Doctor of Pharmacy degree at OUCOP when events transpired that culminated in Plaintiff being dismissed from the institution in 2023.

This led Plaintiff to pursue redress, first through a state-agency claims process and then through the filing of this lawsuit.

## II.   Standard of Decision

The determination as to whether an attorney should be disqualified is "committed to the discretion of the court." *Foltz v. Columbia Cas. Co.*, No. CIV-15-1144-D, 2016 WL 4734687, at *2 (W.D. Okla. Sept. 9, 2016) (citing *Weeks v. Indep. Sch. Dist. No. I-89 of Okla. Cnty.*, 230 F.3d 1201, 1211 (10th Cir. 2000)); *accord Cole v. Ruidoso Mun. Schs.*, 43 F.3d 1373, 1383 (10th Cir. 1994).  Motions seeking the disqualification of opposing counsel are "viewed with suspicion," however, "and the Court must guard against the possibility that disqualification is sought to secure a tactical advantage in the proceedings." *Foltz*, 2016 WL 4734687, at *2 (internal quotation marks omitted).  "A fundamental premise of the adversary system is that individuals have the right to retain the attorney of their choice to represent their interests in judicial proceedings." *Richardson-Merrell, Inc. v. Koller*, 472 U.S. 424, 441 (1985) (Brennan, J., concurring).

Two sources of authority govern motions to disqualify. *Cole*, 43 F.3d at 1383.  First, district courts consider "the local rules of the court in which [the attorneys] appear." *Id.* This Court has adopted the Oklahoma Rules of Professional Conduct ("OPRC") as its governing standard of attorney conduct. *See* LCvR 83.6(b); *see also* Okla. Stat. tit. 5, ch. 1, app. 3-A.  Second, motions to disqualify are "decided by applying standards developed under federal law" and are therefore governed "by the ethical rules announced by the

national profession and considered in light of the public interest and the litigants' rights." *Cole*, 43 F.3d at 1383 (internal quotation marks omitted).[1]

    III.    Discussion

        *A. Defendants' Counsel's Alleged Misrepresentation to the Court*

Plaintiff seeks disqualification of "OU's Legal Counsel"—specifically, attorney M. Daniel Weitman. Pl.'s Mot. at 2. In support of the disqualification request, Plaintiff first argues that an earlier filing in this case contains a factual inaccuracy regarding OU counsel's knowledge of Plaintiff's contact information, which Plaintiff asserts was a deliberate misrepresentation to the Court. *See id.* at 2-3.

On July 1, 2024, Defendants, though John C. Curtis, III, an attorney in OU's Office of Legal Counsel, filed a Motion for Extension of Time (Doc. No. 19). In relevant part, the motion represented that "Plaintiff has not provided a contact phone number in her Complaint or Summons, and thus, Defendants have not contacted her to inquire whether she objects to this request for extension of time." *Id.* at 3. The Court granted the motion. *See* Order of July 2, 2024 (Doc. No. 20).

In her relevant filings, Plaintiff asserts that her phone number was known to Attorney Weitman and others in the OU's Office of Legal Counsel due to prior attempted and completed phone conversations. Pl.'s Mot. at 2-3. Thus, she says, to represent

---

[1] "[A]lthough federal courts must consult state rules of professional conduct, they are not bound by state-court interpretations of such rules." *Grant v. Flying Bud Farms, LLC*, No. 22-CV-1, 2022 WL 2955147, at *3 (N.D. Okla. July 26, 2022). "Nonetheless, . . . the Court must apply standards developed under federal law, while attempting to avoid any inconsistencies with state law that would create procedural difficulties for practitioners in Oklahoma." *Id.* (alterations, citation, and internal quotation marks omitted).

otherwise in the motion for extension of time was misleading the Court. *See id.* Defendants respond that the statement in the motion was factually true based on Plaintiff's phone number not appearing in her Complaint or Summons. *See* Defs.' Resp. at 4. Defendants also note that it was Attorney Curtis rather than Attorney Weitman who filed the motion, so the allegation would not support the disqualification of Attorney Weitman. *See id.* Defendants do not dispute that Attorney Weitman and Plaintiff spoke by phone prior to the motion being filed but represent that Plaintiff's phone number was not retained. *See id.*

This Court's local rules require all motions for extension of time to state "whether the opposing counsel or party agrees or objects to the requested extension." LCvR 6.3.

> By presenting to the court a . . . written motion, . . . an attorney . . . certifies that to the best of [the attorney's] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: . . . it is not being presented for any improper purpose . . . [and] the factual contentions have evidentiary support . . . .

Fed. R. Civ. P. 11(b).

The Court does not find sufficient cause for disqualification as to either Attorney Curtis or Attorney Weitman because, as correctly stated in the motion for extension, Plaintiff's phone number was not included in her Complaint or summonses. *See* Compl. at 25; Doc. Nos. 7, 10, 13. And even if Attorney Weitman might have been able to find Plaintiff's phone number through a search of records other than the service papers, Defendants' statement in the motion for extension would still be technically correct.

### B. Attorney Weitman's Potential Appearance as a Witness

Plaintiff next argues that Attorney Weitman should be disqualified because he may be required to appear as a witness in this case. *See* Pl.'s Mot. at 4.

4

>Rule 3.7(a) of the Oklahoma Rules of Professional Conduct prescribes:
>
>A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless:
>
>>(1) the testimony relates to an uncontested issue;
>>
>>(2) the testimony relates to the nature and value of legal services rendered in the case; or
>>
>>(3) disqualification of the lawyer would work substantial hardship on the client.

Okla. R. Prof. Conduct 3.7(a). For purposes of this Rule, courts narrowly define "necessary witness" to mean "a witness with knowledge of facts 'to which he will be the only one available to testify.'" *Bell v. City of Okla. City*, No. CIV-16-1084, 2017 WL 3219489, at *2 (W.D. Okla. July 28, 2017) (quoting *Macheca Transp. Co. v. Phila. Indem. Ins. Co.*, 463 F.3d 827, 833 (8th Cir. 2006) ("Testimony may be relevant and even highly useful, but still not strictly necessary.")).

Plaintiff asserts that Attorney Weitman may be called to testify about facts relating to "supplied documentation and responding documents to Defendants' motion." Pl.'s Mot. at 4. Defendants construe this argument as meaning that Attorney Weitman would be asked to testify about settlement negotiations and the decision to dismiss Plaintiff as a student from OUCOP. *See* Defs.' Resp. at 5. As to settlement discussions, Defendants argue that such evidence is not permitted at trial. *See id.* As to the decision to dismiss Plaintiff from OUCOP, Defendants represent that Attorney Weitman did not know of Plaintiff prior to her dismissal and, therefore, does not have personal knowledge of relevant events about which he could properly testify. *See id.*

By its terms, Rule 3.7's prohibition applies to an attorney who will "likely" be a witness at trial. Here, based on Plaintiff's brief assertion, it is not clear whether Plaintiff anticipates calling Attorney Weitman at trial or at a pretrial proceeding. Even assuming Plaintiff would seek to call Attorney Weitman at trial, the record does not reasonably reflect that any testimony he has to present would be admissible, relevant, or unique (i.e., that the facts could not be established through another, equally effective source). Because it has not been shown that Attorney Weitman would be a witness, let alone a necessary witness, at trial, disqualification is not warranted.

### C. The Interactions Between Plaintiff and Attorney Weitman

Finally, Plaintiff argues that Attorney Weitman, during various interactions, subjected Plaintiff to "misrepresentations and other questionable conduct" that "might be considered unethical conduct." *Id.* at 3; *see also* Pl.'s Suppl. at 2-4.

Rule 4.1 requires that "in the course of representing a client, a lawyer shall not knowingly" "make a false statement of material fact or law to a third person." Okla. R. Prof. Conduct 4.1(a).

> A misrepresentation can occur if the lawyer incorporates or affirms a statement of another person that the lawyer knows is false. Misrepresentations can also occur by partially true but misleading statements or omissions that are the equivalent of affirmative false statements.

*Id.* cmt. 1. Rule 4.3 adds an additional layer:

> In dealing on behalf of a client with a person who is not represented by counsel, a lawyer shall not state or imply that the lawyer is disinterested. When the lawyer knows or reasonably should know that the unrepresented person misunderstands the lawyer's role in the matter, the lawyer shall make reasonable efforts to correct the misunderstanding. The lawyer shall not give legal advice to an unrepresented person, other than the advice to secure

>counsel, if the lawyer knows or reasonably should know that the interests of such a person are or have a reasonable possibility of being in conflict with the interests of the client.

*Id.* R. 4.3. Finally, Rule 4.4 states that "in representing a client, a lawyer shall not use means that have no substantial purpose other than to embarrass, delay, or burden a third person." *Id.* R. 4.4(a).

Plaintiff contends that she and Attorney Weitman engaged in settlement talks, so he should be barred from the case. *See* Pl.'s Mot. at 3. But Rule 4.3 does not "prohibit a lawyer from negotiating the terms of a transaction or settling a dispute with an unrepresented person." *See* Okla. R. Prof. Conduct 4.4 cmt. 2. Attorney Weitman may not properly be disqualified for engaging in settlement discussions with Plaintiff.

Plaintiff next urges that she was misled when "Attorney Weitman implied that she would have to get a lawyer to bring a lawsuit." Pl.'s Suppl. at 3. The transcript of Plaintiff's phone conversation with Attorney Weitman reflects that he stated, as settlement negotiations deteriorated, "[Y]ou need to go get yourself a lawyer and bring a lawsuit then." Pl.'s Suppl. Ex. 1 (Doc. No. 22-1) at 26. Attorney Weitman also told Plaintiff that she was "entitled to go get . . . a lawyer and bring a lawsuit." *Id.* at 29. At the end of the conversation, Attorney Weitman said, "[Y]ou have the right, under the law, as the letter advised you, to bring a lawsuit if that's what you wanna do." *Id.* at 31. The Court does not read these statements as implying that Plaintiff could not bring a lawsuit pro se.

Throughout her Motion and Supplement, Plaintiff directly and indirectly asserts that Attorney Weitman dealt dishonestly with Plaintiff in order to run out the time for Plaintiff to pursue her legal claims. *See e.g.*, Pl.'s Suppl. at 2-3. The record before the Court is not

7

consistent with this assertion. The March 25, 2024 phone conversation transcript reveals instances of confusion for both Plaintiff and Attorney Weitman about the status of Plaintiff's claims within the State of Oklahoma Risk Management Office. *See* Pl.'s Suppl. Ex. 1, at 21-24. In any event, the Court sees nothing in the transcript that would amount to Attorney Weitman misrepresenting a fact within the meaning of Rule 4.1 or violating duties imposed by Rule 4.3 or Rule 4.4.

Referencing a separate series of phone calls that occurred in early June 2024 after the litigation had begun, Plaintiff alleges that she was "subjected to fear, intimidation, and bribery on OU's behalf by way of indirect communication" during a phone conversation Plaintiff had with an individual in the State of Oklahoma Risk Management Office. Pl.'s Suppl. at 3-4. Disqualification is proper when "continued representation would threaten the integrity of the judicial process." *Grant*, 2022 WL 2955147, at *4. The allegation that information was conveyed to Plaintiff during the June 7, 2024 conversation at the behest of Attorney Weitman or OU's Office of Legal Counsel is vague and speculative at best. Plaintiff has not, on this basis or any other, established a threat to judicial integrity that would warrant the "drastic measure" of disqualification at this stage in the proceedings. *Id.* (internal quotation marks omitted).

## CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Disqualify Opposing Counsel (Doc. No. 21) is DENIED.

IT IS SO ORDERED this 31st day of March, 2025.

                                                    CHARLES B. GOODWIN
                                                    United States District Judge