**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

FILED

APR 02 2025

MARTINA O. OLUPITAN, MHA,

Plaintiff

JOAN KANE, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY_____, DEPUTY

Case No. CIV 5 – 24 –349 – G

Judge: Charles B. Goodwin

v.

1. STATE OF OKLAHOMA EX. REL. THE BOARD
OF REGENTS OF THE UNIVERSITY OF
OKLAHOMA,
2. MICHAEL J. SMITH, PHARM.D.,
3. GARY RASKOB, Ph.D.,
4. VALERIE WILLIAMS, Ph.D.,
5. LAURA STUEMKY, M.D.,
6. ASHLEY CHEYNEY, Ph.D.,
7. ANDREI BELOUSOV, Ph.D.,
8. KATHERINE O'NEAL, PHARM.D.,
9. LORI KLIMKOWSKI,

Defendants,

**PLAINTIFF'S MOTION TO ALTER JUDGEMENT ORDER DENYING**

**RECONSIDERATION OF ECF PERMISSIONS**

Martina Olupitan, (Plaintiff), believes changed circumstances exist based on the

Court's ruling of Denying of Reconsideration of ECF Permissions. In support, Plaintiff

shows as follows:

Pursuant to the Oklahoma Bar Association and/or OBA Standards of

Professionalism and Preamble: "*We judges and lawyers of the State of Oklahoma*

1

*recognize our responsibility to uphold the longstanding traditions of professionalism and civility within the legal system. The very nature of our adversary system of justice requires respect for the law, the public, the courts, administrative agencies, our clients and each other.*"

## ARGUMENT AND AUTHORITY

**The Presiding Judge erred in finding that there was not a manifest of injustice in Plaintiff not having access to ECF.**

Although case laws do not entirely have to be the same when referenced or cited, Plaintiff references cases below.

A. Analysis

1. In a recent case, *Madden v. Elara Caring LLC,* filed in this district, Judge Goodwin regarding a Motion to Disqualify Counsel by a Party, this Court denied the Party's Motion to Disqualify; however, the Court stated that "*This ruling, however, is made on the present facts and without prejudice to a subsequent motion raising the same request if circumstances change or new facts are learned.*" [*Madden v. Elara Caring LLC,* No. CIV-19-1178-G (W.D. Okla. December 20, 2019)]. Plaintiff references in the matters of circumstances change or new facts learned. In Plaintiff (Olupitan's) case, however, Plaintiff does not believe there to be any acknowledgement in the Court's ruling of present facts that showed circumstances that have changed and/or new facts learned pertaining to the following, but rather a manifest of injustice in not having access to ECF permissions.

2. Pursuant to LCvR 83.4 Appearance of Counsel, "*In the event a party should change counsel or add counsel, the new or additional counsel for such party shall enter an appearance by signing and filing an entry of appearance on the form prescribed by the clerk of this court.*"

3. Furthermore, Defendants' acquisition of representation is required because "parties who are not natural persons may not appear pro se." LCvR 17.1; accord *Riveria Drilling & Expl. Co. v. Gunnison Energy Corp.,* 412 F. App'x 89, 91-92 (10th Cir. 2011); *U.S. Dep't of Lab. v. Mr. Cao's LLC,* No. 22-1165, 2024 WL 3567341, at *3 (D. Kan. Mar. 1, 2024).

4. Prior to January 31, 2025, Defendants appeared pro se through ECF [*Dkt. 45-3*] and [*Dkt. 45-4*], while subjecting Plaintiff to fraudulent misrepresentations, a violation of her constitutional rights and/or equal protection, and due process, when this information was withheld from Plaintiff by ECF filers. Eight Defendants seemed to elect to appear as Pro Se; absent securing new counsel prior to January 31, 2025. [*Smith v. Allbaugh,* No. CIV-19-470-G (W.D. Okla. May 24, 2019)]. The Court's lack of responsiveness to have acted pursuant to 28 U.S.C. § 1361 allowed prejudice and a manifest of injustice to Plaintiff through ECF, while Defendants although appearing Pro Se through ECF respectfully in their individual capacities are in default of judgment.

5. Pursuant to Fed. R. Civ. P. 55(a); *see Mr. Cao's,* 2024 WL 3567341, at *5; 10A *Federal Practice and Procedure* (*Wright and Miller*), *supra, §* 2682 ("[A]n appearance does not immunize a defending party from being in default.");

3

*Greentree Transp. Co. v. Speedy Heavy Hauling, Inc.,* No. 10-cv-02657, 2011 WL 583746, at \*6 (D. Colo. Sept. 19, 2011) (R. & R.), *adopted in relevant part,* 2011 WL 5834714 (D. Colo. Nov. 17, 2011). Moreover, Rule 55(a) of the Federal Rules of Civil Procedure provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). "The fact that Rule 55(a) gives the clerk authority to enter a default is not a limitation on the power of the court to do so." *Mr. Cao's,* 2024 WL 3567341, at \*4 (alteration and internal quotation marks omitted). Also see, *Hill v. CACH, LLC,* 17-cv-06102, 2017 WL 3705499, at \*3 (W.D.N.Y. Aug. 28, 2017) ("[E]ntry of default is warranted, notwithstanding [the plaintiff's] failure to move for such relief.") [*Dkt. 17] and [Dkt. 18*].

6. The failure to participate or defend in this lawsuit has immobilized the matter as well as imposing indefinite delay and uncertainty regarding Plaintiff's rights.

7. The ECF filers reasonably had forehand knowledge of eight defendants appearing as Pro Se; after the allotted time to have answered the complaint in their individual capacities. Opposing Counsel and/or (Weitman) and (Ikpa) making an entry of appearance as to all defendants after January 31, 2025; while (Curtis, Weitman, and Ikpa) and/or Opposing Counsel submitted a false Certificate of Mailing in violation of Okla. Stat. 426 to the Court through ECF and later delaying in mailing [*Dkt. 46 – 1*] to Plaintiff is indeed unlawful and prejudice in the administration of justice. See Okla. R. Prof. Conduct 8.4.

4

8. Pursuant to the Northern District of Oklahoma and/or LGnR3-2 Professional Conduct for Attorneys. "*Attorneys practicing in this Court are expected to conduct themselves in accordance with the Oklahoma Rules of Professional Conduct, as adopted by the Oklahoma Supreme Court, as the standard of conduct of all members of the Oklahoma Bar Association. See, Title 5 O.S.A. Ch.1, App. 3A. as set forth in the preamble: A lawyer's conduct should conform to the requirements of the law, both in professional service to clients and in the lawyer's business and personal affairs. A lawyer should use the law's procedures only for legitimate purposes and not to harass or intimidate others. A lawyer should demonstrate respect for the legal system and for those who serve it, including judges, other lawyers and public officials. While it is a lawyer's duty, when necessary, to challenge the rectitude of official action, it is also a lawyer's duty to uphold legal process. In this spirit, all lawyers should become familiar with their duties and obligations, as defined and classified generally in the Oklahoma Rules of Professional Conduct, any interpretive decisions, applicable statutes, and the usages, customs, and practices of the bar.*"

9. Although this case is in the Western District, Plaintiff believes the above rule would apply uniformly in the State of Oklahoma Courts.

10. Per the Court's statement in [*Dkt. 40*]. "Should Plaintiff encounter delays or difficulties due to use of paper filing, the Court will consider the issuance of relief as appropriate." However, the Court ignored clear evidence and denied appropriate relief including under Fed. R. Civ. P. 55(a).

11. Although, Plaintiff "is entitled to a paper copy of any electronically filed document." *Id. § II(B)(2)(a)* ("The filing party must provide non-registered parties with a copy of the document in accordance with the Federal Rules of Civil…Procedures."), *see also* Fed. R. Civ. P. 5(a)(1), (d)(1).

12. The continued denial of ECF permissions shows operating in bad faith, prejudice, and/or bias in the administration of justice and relayed the lack of confidence in the judicial system pursuant to 5 CFR § 2635. 101 through judicial complicity in misconduct and concealment through ECF when it ignored clear evidence of fraud and/or misrepresentations conducted by Opposing Counsel and/or Defendants (also were referred to as Pro Se, prior to January 31, 2025) not limited to [*Dkt. 45-3*] and [*Dkt. 45-4*] the denial of appropriate relief to Plaintiff [*Dkt. 40*] including under Fed. R. Civ. P. 55(a); while lulling Plaintiff into sitting on her rights.

**WHEREFORE,** Plaintiff respectfully requests the Court Alter Judgement.

Respectfully submitted,

Martina Olupitan, MHA     Pro Se

PO BOX 950742   OKC, OK   73195

Martina.olupitan@gmail.com

Dated: 4/2/2025