UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

MARTINA O. OLUPITAN, MHA,

    Plaintiff

v.

1. STATE OF OKLAHOMA EX. REL. THE BOARD OF REGENTS OF THE UNIVERSITY OF OKLAHOMA,
2. MICHAEL J. SMITH, PHARM.D.,
3. GARY RASKOB, Ph.D.,
4. VALERIE WILLIAMS, Ph.D.,
5. LAURA STUEMKY, M.D.,
6. ASHLEY CHEYNEY, Ph.D.,
7. ANDREI BELOUSOV, Ph.D.,
8. KATHERINE O'NEAL, PHARM.D.,
9. LORI KLIMKOWSKI,

    Defendants,

Case No. CIV 5 – 24 –349 – G

Judge: Charles B. Goodwin

FILED

APR 07 2025

JOAN KANE, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA
BY_____, DEPUTY

## PLAINTIFF'S MOTION TO ALTER JUDGMENT ORDER DISMISSAL WITHOUT PREJUDICE, AND TO EXERCISE SUPPLEMENTAL JURISDICTION OVER STATE-LAW CLAIMS

Martina Olupitan, (Plaintiff), brings this Motion pursuant to Fed. Rule of Civil Procedure 59(e); for clear error, biased, abuse of discretion, and a manifest of injustice in the Court's ruling [*Dkt. 49*]:

1

## ARGUMENT AND AUTHORITY

**The Presiding Judge erred in ruling on a Motion to Dismiss; moreover, in factoring Defendant Raskob and Williams' entitlement to Qualified Immunity.**

A. <u>Analysis</u>

1. In the Court's ruling [*Dkt.* 49]; "Plaintiff's allegations reflect that, relevant to her appeal of the grade assigned her by Defendant Cheyney, Plaintiff was provided notice, a hearing, and a right of second level review. While Plaintiff disputes the result of these proceedings and alleges procedural deficiencies that she believes caused an erroneous result, the Court finds that the deficiencies Plaintiff points to are not sufficient to plausibly show that the decision to dismiss Plaintiff was less than careful and deliberate. See Trotter, 219 F.3d at 1185 ("The number of appeals and review hearings afforded [the student] convince[s] us that the [school's] decision was careful and deliberate."). Specifically, Defendant Williams' alleged hearing-related actions, even accepted as deviations from the required university procedure, do not plausibly reflect the type of less than careful and deliberate decision that would have been clearly established as amounting to a denial of Plaintiff's due process rights. See id. And Defendant Raskob's affirmance of the hearing panel's decision, even accepted as done with knowledge of the alleged deviations from the required university procedure, likewise does not plausibly reflect the type of less than careful and deliberate decision that would have been clearly established as amounting to a denial of Plaintiff's due process rights. See Rossi, 2022 WL

2

1421957, at *9 ("It was not clearly established that an administrative appeals process fails to produce a careful and deliberate decision just because it may not have involved de novo review of all aspects of an academic determination that is alleged to have been based on nonacademic factors."). Accordingly, Defendants Raskob and Williams are entitled to qualified immunity on Plaintiff's § 1983 procedural due process claim. That claim shall be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).⁷" [*Dkt. 49 pages 16 – 17 of 19*].

2. Plaintiff believes the Court granted in part and denied in part some based on [*Dkt. 49*]; as such, the Court denied Defendant Raskob and Williams' entitlement to Absolute Immunity [*Dkt. 49 pages 6 – 9 of 19*]. The Court denied the assertion that Defendants had not personally participated [*Dkt. 49 pages 11 – 13 of 19*]. Although the Court did grant Defendant Raskob and Williams' right to qualified immunity and the notion that Plaintiff's rights were not clearly established, Plaintiff discredited the Defendants' notions of qualified immunity and violation of a clearly established right in her pleading; while the Court agreed that the Defendants did personally participate [*Dkt. 49 pages 11 – 13 of 19*] in which subjected the Plaintiff to confusion, especially when the Court's order did not specifically reflect a grant and denied in part, but rather a dismissed without prejudice.

3. In Plaintiff (Olupitan's) case the Court erred when it grouped a dismissal as a whole; instead of individually and/or in part, in seeing the Court listed every individual at the start of his writing order [*Dkt. 49*]; but at the closing of his

3

order the Court stated, "For the foregoing reasons, Defendants' Motion to Dismiss (Doc. No. 25) is GRANTED. Plaintiff's Complaint (Doc. No. 1) is DISMISSED WITHOUT PREJUDICE. Specifically, Plaintiff's federal claim is dismissed for failure to state a claim upon which relief can be granted. The Court declines to exercise supplemental jurisdiction over Plaintiff's state-law claims." The Court further pointed to other rulings and had stated "A separate judgment shall be entered."

4. In a recent case, *Patterson v. Board of Regents of the University of Oklahoma et al*, filed in this district, Senior Judge Russell regarding a Motion to Dismiss by Defendants, this Court in his order granted in part and denied in part while uniformly listing Defendants as to whom was granted or denied dismissal. *See;* [*Patterson v. Board of Regents of the University of Oklahoma et al, No. CIV-20-355-R (W.D. Okla. April 16, 2020)*] and [*Dkt.22*].

5. In Plaintiff (Olupitan's) case, she provided the OU policies and procedures [*Dkt. 1*], higher courts decisions on point, and the weight of authority from other courts; see [*Dkt. 34*]. "In showing that defendants violated a statutory and/or constitutional right, a plaintiff has the burden to demonstrate that the complaint showed violation. *Schwartz v. Booker*, 702 F.3d 573, 579 (10th Cir. 2012). This analysis is similar to the Court's general analysis under Rule 12(b)(6) where the Court must determine whether the plaintiff has stated a claim upon which relief can be granted. To show that a law is "clearly established," a plaintiff must identify precedent that places the "constitutional question beyond debate."

*Yeasin v. Durham*, 719 F. App'x 844, 850 (10th Cir. 2018) (quoting *Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015)).

6. The relevant precedent was specific to the facts of this case, making it clear that any reasonable official would have known that the defendant's actions would violate plaintiff's rights. Also, see; *Reichle v. Howards*, 566 U.S. 658, 664 (2012).

7. While substantive due process protects an individual's property or liberty interests for certain reasons, procedural due process requires a state to employ fair procedures when depriving one of that interest. *Reid v. Paulter*, 36 F.Supp.3d 1067, 1136 (D.N.M. 2014) citing Lewis, 523 U.S. at 845–6. "A university can satisfy its procedural due process obligations "if the student is given prior notice of the deficiencies in his academic performance and if the challenged decision is 'careful and deliberate.'" *Board of Curators v. Univ. of Missouri v. Horowitz*, 435 U.S. 78, 85 (1978); see also *Trotter v. Regents of Univ. of N. Mex.*, 219 F.3d 1179, 1184–85 (10th Cir. 2000).

8. In Plaintiff (Olupitan's) case the Defendants did not satisfy its procedural due process obligations when the Defendants did not employ fair procedures when depriving Plaintiff of her property interest, as Plaintiff listed and showed in her complaint along with supporting documentation [Dkt. 1] and [*Dkt. 1 Complaint, at ¶¶ 70 – 71*]. The OU Policies and Procedures [*Dkt. 1*] and [*Dkt. 1 -12*] was unconstitutionally vague and authorized discriminatory enforcement when violating Plaintiff's constitutional rights; see [*Dkt. 1 Complaint, at ¶¶ 71*] and

5

[*Dkt. 1 Complaint, at* ¶¶ *76 - 78*]. Plaintiff was not given prior notice [*Dkt. 1*]. Plaintiff's transcript which is a federal document is defamed [Dkt. 1]. The dismissal was not motivated by academic performance, but rather the violation of Plaintiff's constitutional rights. [*Dkt. 1*], [*Dkt. 1 – 5*], [*Dkt. 1 – 10*], [*Dkt. 1 – 13*], and [*Dkt. 1 – 28*].

9. Defendant OU was not immune from federal court, when permitting fraud on a federal document in the allowing of Defendants to defame Plaintiff's OU transcript to justify retaining federal funds through misrepresentations [*Dkt. 1 – 29*], and [*Dkt. 1 – 32*]; while inappropriately handling federal funds [*Dkt. 49*]. "In determining the measure of remedial relief, the court must bear in mind that '[t]he most elementary conceptions of justice and public policy require that the wrongdoer shall bear the risk of the uncertainty which his own wrong has created.'" *Markham v. Nat. States Ins. Co*, No. CIV-02-1606-F, 2004 WL 3019309, at *2 (W.D. Okla. Dec. 27, 2004) (alteration in original) (quoting *FTC v. Kuykendall*, 371 F .3d 745. 765 (10th Cir. 2004)).

10. Defendant Williams willfully infringed on Plaintiff's rights [*Dkt. 1 Complaint, at* ¶¶ *163 - 173*]; as Williams reasonably knew Plaintiff's rights. Furthermore, Defendant Williams did not have immunity when Defendant Williams was complicit in fraud, through Defendant OU's inappropriate handling of federal funds; breach of contract, therefore Defendant Williams was not entitled to qualified immunity; [*Dkt. 1*]. Defendant Williams failed to show reasonable cause upon William's judicial complicity in misconduct and concealment in

6

suppressing information to Plaintiff until after the deadline of appeal, but rather to delay due process because Plaintiff engaged in what should have been protected and kept confidential. [*Dkt. 1* Complaint, at ¶¶ *76 –77*] and [*Dkt. 1 Complaint, at ¶¶ 163 – 173*].

11. Raskob was not entitled to qualified immunity based upon Raskob's judicial complicity in misconduct and concealment in his willfulness of the denial of Plaintiff's rights that were clearly established. Defendant Raskob in his role as Senior Vice President and Provost reasonably knew and had fair warning that the deliberate or reckless inability to uphold the due process laws for all is a constitutional violation. [*Dkt. 1 Complaint, at ¶¶ 163 – 173*] and [*Dkt. 34*].

12. In a recent case, *Mirll v. State of Oklahoma ex rel. University of Central Oklahoma et al,* filed in this district, Judge Goodwin regarding a Motion to Dismiss by Defendants, this Court in his order granted in part and denied in part; while applying the law appropriately and without an abuse of discretion as a § 1983 claim under violations of the First Amendment. The Court's order stated, "As outlined herein, the Motions to Dismiss (Doc. Nos. 8, 14) are GRANTED IN PART and DENIED IN PART. Plaintiff's § 1983 claims for violation of the First Amendment shall proceed. Plaintiff's conspiracy claims are dismissed without prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendants' Motion to Strike (Doc. No. 25) is DENIED AS MOOT." See [*Dkt. 27*]. Also *see*; [*Mirll v. State of Oklahoma ex rel. University of Central Oklahoma et al*, No. CIV-19-1143-G (W.D. Okla. December 10, 2019)].

13. The Court's ruling when it came to Plaintiff (Olupitan) appeared to be biased, clear error, and misapplication of law in not applying law clearly and/or exercising fairness in case laws; when it considered the Fourteenth Amendment claim to have been separate from the § 1983 claim, although the 1983 claim was for violation of the Fourteenth Amendment; yet did not show in his order of a grant in part and denied in part in his dismissed without prejudice ruling as the Court applied law of a grant in part and denied in part in his order for; *Mirll v. State of Oklahoma ex rel. University of Central Oklahoma et al,* while comparing Plaintiff (Olupitan's) case of a violation of an Amendment of the United States Constitution by way of 1983 claim [*Dkt. 49*]. Also see; [*Mirll v. State of Oklahoma ex rel. University of Central Oklahoma et al*, No. CIV-19-1143-G (W.D. Okla. December 10, 2019)].

14. Furthermore, the Court stated in his ruling for; *Mirll v. State of Oklahoma ex rel. University of Central Oklahoma et al,* "Defendants' assertion of qualified immunity rests upon their contentions of inadequate pleading addressed above. *See* Def. Cerda Mot. 8-9. But as noted above, "the facts that [Plaintiff] has alleged" do "make out a violation of a constitutional right." *Keith*, 707 F.3d at 1188 (internal quotation marks omitted). Further, from the wide range of authorities cited above it is clear that these First Amendment rights were clearly established at the time of Plaintiff's termination in December 2017. *See supra;* Am. Compl. ¶¶ 8, 20, 23; *see also Prager v. LaFaver*, 180 F.3d 1185, 1192 (10th Cir. 1999) (finding that prior decisions "clearly established that an employee's

strong interest in disclosing governmental corruption outweighs unsubstantiated assertions of workplace disruption and put [the defendant] on notice that the conduct alleged in [the plaintiff's] complaint [of suspension and termination of employment] would violate the law"). Dismissal of these claims is not warranted on this basis. *See generally* James W. Moore, 2 *Moore's Federal Practice* § 12.34[4][b] (3d ed. 2019) (noting that establishment of the defense of qualified immunity ordinarily requires factual review and should not support dismissal for failure to state a claim).)". Also see; [*Mirll v. State of Oklahoma ex rel. University of Central Oklahoma et al*, No. CIV-19-1143-G (W.D. Okla. December 10, 2019)].

15. In Plaintiff (Olupitan's) case; Plaintiff supplied facts, documentation, authorities including the OU policies and procedures that not only did Plaintiff refer to and recite to Defendants, but Defendants recited in its communications with Plaintiff [*Dkt. 1*]; therefore, the Court based on the facts and evidence reasonably had to have known that "In resolving a motion to dismiss based on qualified immunity, the court considers (1) whether the facts that a plaintiff has alleged make out a violation of a constitutional right, and (2) whether the right at issue was clearly established at the time of defendant's alleged misconduct." *Keith v. Koerner,* 707 F .3d 1185, 1188 (10th Cir. 2013) (internal quotation marks omitted); *see Robbins,* 519 F .3d at 1249.).

16. In *Mahanoy Area School District v. B.L.*, "B.L. sued the school under 42 U.S.C. § 1983 alleging (1) that her suspension from the team violated the First

Amendment; (2) that the school and team rules were overbroad and viewpoint discriminatory; and (3) that those rules were unconstitutionally vague. The district court granted summary judgment in B.L.'s favor, ruling that the school had violated her First Amendment rights. The U.S. Court of Appeals for the Third Circuit affirmed." [*Mahanoy Area School District v. B.L., 141 S. Ct. 2038 (2021)*]. Also see; *Mahanoy, 141 S. Ct. at 2046*, such, there is nothing in the alleged circumstances to take Plaintiff's case outside the long-established principle that a state actor cannot retaliate against someone just because they disagree with them, see; *Mahanoy, 141 S. Ct. at 2046.* [*Mahanoy, 141 S. Ct. at 2046*]. Also see; *West Virginia St. Bd. of Educ. v. Barnette, 319 U.S. 624, 642 (1943).*

17. The fundamental principle was sufficiently established and obvious that a university official should have known it. Defendant Raskob and Defendant Williams serving as judges reasonably knew the laws that they were to serve and protect and apply OU policies and procedures equitable [*Dkt. 1*]. The Court erred in applying law regarding qualified immunity.

18. The Court erred when it clearly ignored evidence that Plaintiff's complaint along with supporting evidence made out a violation of a constitutional right and the right was clearly established before, at time of misconduct the issue was clearly established as to the defendants' alleged misconduct, and thereafter. *See;* [*Dkt. 1*] and [*Dkt. 34*].

10

**The Presiding Judge erred in ruling on a Motion to Dismiss; moreover, in factoring OU waived its right to Eleventh Amendment Immunity.**

19. In Defendants' [*Dkt. 25*] and Plaintiff's [*Dkt. 1*] and [*Dkt. 34*] pleadings; the Judge had the obligation to speak on if OU had waived its right to Eleventh Amendment Immunity; in which Defendant OU raises this claim for breach-of-contract claims; however; in Plaintiff (Olupitan's) case; it seemed as if the ruling was to shield Defendant OU from litigation. Also see; *Patterson v. Board of Regents of the University of Oklahoma et al*, No. CIV-20-355-R (W.D. Okla. April 16, 2020) and *Patterson v. Board of Regents of the University of Oklahoma et al;* [*Dkt. 22 page 5 of 24*].

20. In considering Defendants' Motions to Dismiss under Rule 12(b)(6), the Court must determine whether Plaintiff has stated a claim upon which relief may be granted. The motion is properly granted when the Complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Plaintiff's Complaint must contain enough "facts to state a claim to relief that is plausible on its face," id. at 570, and the factual allegations "must be enough to raise a right to relief above the speculative level." Id. at 555 (citations omitted). The Court must accept all the well-pleaded allegations of the Complaint as true and must construe the allegations in the light most favorable to Plaintiff. Twombly, 550 U.S. at 555; Alvarado v. KOB–TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007).

21. In Plaintiff (Olupitan's) case, the Plaintiff satisfied this burden in her pleading. Plaintiff asserted that she entered into contracts with the University wherein the University waived its immunity from suit, Plaintiff provided the Court with specific state and federal contracts and/or contractual provision, not limited to a provision that waived the University's immunity including authorities. The University was therefore not protected from suit by their sovereign immunity and Olupitan's claim against it should not have been dismissed. See [*Dkt. 1*] and [*Dkt. 34*].

22. Although, the Court [*Dkt. 49*] acknowledged that Plaintiff in her pleadings stated that OU breached contract by inappropriately handling federal funds related to Plaintiff's tuition [*Dkt. 1*], and [*Dkt. 34*]; the Court erred when not acting pursuant to 28 U.S.C. § 1361; in seeing these federal funds were through the Department of Education; which is a cabinet level agency of the United States Government, and Defendants failed to return. [*Dkt. 1*]. In *Hazel-Atlas Glass Co. v. Hartford-Empire Co*, the Supreme Court's opinion stated, "The public welfare demands that the agencies of public justice be not so impotent that they must always be mute and helpless victims of deception and fraud." See; *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944).

**The Presiding Judge erred in declining to exercise supplemental jurisdiction over Plaintiff's state-law claims.**

23. The Court stated, "When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims." [*Dkt. 49*].

24. Plaintiff respectfully disagrees; see the Court's [*Dkt. 49 pages 6 – 9 of 19*] and [*Dkt. 49 pages 11 – 13 of 19*].

25. Also, pursuant to *28 U.S.C. 1367*, "[T]he federal courts' original jurisdiction over federal questions carries with its jurisdiction over state law claims that derive from a common nucleus of operative fact, such that the relationship between the federal claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional case." (*See 28 U.S.C. 1367(a)*). [*Dkt. 1*] and [*Dkt. 34*].

**The Presiding Judge erred in ruling on the claim that Plaintiff wanted to bring additional allegations to the request for amendment.**

26. Plaintiff would not have known the Court's ruling [*Dkt.49*] beforehand and if the Court considered the false affidavit provided by Defendants by and through their attorney(s) to be noticed; [*Dkt. 25-3*] for a Motion to Dismiss under Rule 12(b)5, which was contrary to [*Dkt. 19*].

27. The Court's abuse of discretion was not reasonable of Plaintiff's right to amend especially in seeing that in Plaintiff (Olupitan's) case, the request for amending was mostly based on Defendants and their attorney(s) to be noticed fraudulently lulled Plaintiff into sitting on her rights and the Defendants by and through their attorney(s) to be noticed attempt to use Rule 12(b)5 along with their false

13

affidavit [*Dkt. 25-3*]; however, the Court in his ruling was based on Rule 12(b)6. [*Dkt. 49*].

28. In reference to the right to amend, see [*Smith v. Allbaugh No. CIV -19-470-G (W.D. Okla. May 24, 2019)*], and [*Patterson v. Board of Regents of the University of Oklahoma et al, No. CIV-20-355-R (W.D. Okla. April 16, 2020)*].

29. The ruling coming on April 1st comes as no surprise; as to the illusion of the administration of justice to all.

30. The Court's ruling [*Dkt. 49*] is in clear error, biased, abuse of discretion, and a manifest of injustice, which is contrary to a fair administration of justice in the judicial system.

**WHEREFORE,** Plaintiff respectfully requests the Court Alter Judgment.

Respectfully submitted,

*Martina Olupitan*

Martina Olupitan, MHA     Pro Se

PO BOX 950742   OKC, OK   73195

Martina.olupitan@gmail.com

Dated: 4/7/2025

Luke18

14