UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

MARTINA O. OLUPITAN, MHA,

Plaintiff

v.

1. STATE OF OKLAHOMA EX. REL. THE BOARD OF REGENTS OF THE UNIVERSITY OF OKLAHOMA,
2. MICHAEL J. SMITH, PHARM.D.,
3. GARY RASKOB, Ph.D.,
4. VALERIE WILLIAMS, Ph.D.,
5. LAURA STUEMKY, M.D.,
6. ASHLEY CHEYNEY, Ph.D.,
7. ANDREI BELOUSOV, Ph.D.,
8. KATHERINE O'NEAL, PHARM.D.,
9. LORI KLIMKOWSKI,

Defendants,

FILED
APR 14 2025
JOAN KANE, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY_____, DEPUTY

Case No. CIV 5 – 24 –349 – G

Judge: Charles B. Goodwin

FILED
APR 14 2025
JOAN KANE, CLERK
U.S. DIST. COURT WESTERN DIST OKLA.
BY_____, DEPUTY

## PLAINTIFF'S NOTICE OF INTENT TO APPEAL

[Dkt. 49] & [Dkt. 51]

COMES NOW, Martina Olupitan, (Plaintiff), pursuant to Federal Rule of Appellate Procedure 3; U.S.A. 1776 Constitution; enters this Notice of Intent to Appeal to the United States Court of Appeals for the Tenth Circuit for the Court's order [Dkt. 49] entered on the 1st day of April 2025.

1

In response to the Court's order's; Plaintiff has filed a Motion to Alter Judgment; no ruling as of yet.

I.   **CONSTITUTIONAL VIOLATIONS WARRANTING APPEAL**

1. Violation of the First Amendment (Right to Petition the Government for Redress of Grievances).

2. Violation of the Fourteenth Amendment (Due Process and Equal Protection), provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws." The Fourteenth Amendment guarantees that no person shall be "deprived of life, liberty, or property, without due process of law." This includes the right to a fair hearing, the right to responsiveness without bias, prejudice and/or unnecessary delays, and the right to prior notice of eight defendants electing to be listed as Pro Se (self-representation) in federal court through ECF prior to January 31, 2025. [*Smith v. Allbaugh,* No. CIV -19-470-G (W.D. Okla. May 24, 2019*)*].

3. After Plaintiff requested ECF permissions [*Dkt. 38*] and later denied [*Dkt. 40*], Plaintiff was mocked by the allowing of eight individual defendants to appear pro se; self-representation through ECF in secrecy, while evading litigation and having to show reasonable cause for concealment through ECF and/or fraudulent misrepresentation. [*Dkt. 45-3*] and [*Dkt. 45-4*]. All in which taints the administration of justice and compromises the integrity of the judicial system.

4. Interference with justice; Plaintiff's mailing was intentionally delayed, while fraudulently lulling Plaintiff to sit on her rights, and to subject Plaintiff to

2

misrepresentations. "Mistakes, neglect, or misconduct are not to be regarded as accidents." [*Citizen Nat. Bank v. Cincinnati*, 19 Ohio Dec. 685, 687]. See; [*Dkt. 8 page 27 of 102*]. The mischaracterization of Plaintiff's name violates fundamental legal principles, while risk of returned mail by way of incorrect addressee. "Names are the foundation of justice." (Black's Law Dictionary, 5th Edition). A false certificate of mailing was mailed to Plaintiff by opposing counsel, while misrepresentation by opposing counsel upon the Court intentionally delayed legal proceedings. [*Dkt. 25 -3*], [*Dkt. 41 - 3*], [*Dkt. 42 - 3*], [*Dkt. 43 - 2*], [*Dkt. 44 - 2*], and [*Dkt. 46 -1*]. Also see; *Civil Justice Reform Act (CJRA) of 1990*. [*Andrade v. Farmers Union Hospital Association*, No. CIV-24-1337-J (W.D. Okla. December 20, 2024)].

5. Defendant OU was aware of the misconduct [*Dkt. 1*] and [*Dkt. 8 pages 4-5 of 102*] placed on notice, while unduly delaying litigation after permitting settlement to release all claims. [*Roth v. Doe*, No. CIV-19-903-G (W.D. Okla. September 27, 2019)] and [*Mahanoy Area School District v. B.L.*, 141 S. Ct. 2038 (2021)].

## II.     MANIFEST OF INJUSTICE WARRANTING APPEAL

6. Although the Plaintiff in her pleadings cited evidence, authorities, and case laws, the Court's ruling was a manifest of injustice and abuse of discretion. [*Roth v. Doe*, No. CIV-19-903-G (W.D. Okla. September 27, 2019)], [*Patterson v. Board of Regents of the University of Oklahoma et al*, No. CIV-20-355-R (W.D. Okla. April 16, 2020)], [*Mirll v. State of Oklahoma ex rel. University of Central*

*Oklahoma et al*, No. CIV-19-1143-G (W.D. Okla. December 10, 2019)], [*Mahanoy*, 141 S. Ct. at 2046], and (28 U.S.C. § 453).

7. The Court denied Defendant Raskob and Williams' right to Absolute Immunity [*Dkt. 49 pages 6 – 9 of 19*]. The Court denied the assertion that Defendants had not personally participated [*Dkt. 49 pages 11 – 13 of 19*].

8. Defendant Williams failed to show reasonable cause upon William's judicial complicity in misconduct and concealment in suppressing information to Plaintiff until after the deadline of appeal, but rather to delay due process because Plaintiff engaged in what should have been protected and kept confidential. [*Dkt. 1 Complaint, at ¶¶ 76 –77*] and [*Dkt. 1 Complaint, at ¶¶ 163 – 173*].

9. Defendant Raskob was not entitled to qualified immunity based upon Raskob's judicial complicity in misconduct and concealment in his willfulness of the denial of Plaintiff's rights that were clearly established. [*Dkt. 1 Complaint, at ¶¶ 163 – 173*] and [*Dkt. 34*].

10. The Defendants were put on notice of their misconduct prior to litigation. [*Dkt. 1*]. *Mirll v. State of Oklahoma ex rel. University of Central Oklahoma et al*, "Defendants' assertion of qualified immunity rests upon their contentions of inadequate pleading addressed above. *See* Def. Cerda Mot. 8-9. But as noted above, "the facts that [Plaintiff] has alleged" do "make out a violation of a constitutional right." *Keith*, 707 F .3d at 1188 (internal quotation marks omitted). Further, from the wide range of authorities cited above it is clear that these First Amendment rights were clearly established at the time of Plaintiff's termination

in December 2017. *See supra;* Am. Compl. ¶¶ 8, 20, 23; *see also Prager v. LaFaver*, 180 F .3d 1185, 1192 (10th Cir. 1999) (finding that prior decisions "clearly established that an employee's strong interest in disclosing governmental corruption outweighs unsubstantiated assertions of workplace disruption and put [the defendant] on notice that the conduct alleged in [the plaintiff's] complaint [of suspension and termination of employment] would violate the law"). Dismissal of these claims is not warranted on this basis. *See generally* James W. Moore, 2 *Moore's Federal Practice* § 12.34[4][b] (3d ed. 2019) (noting that establishment of the defense of qualified immunity ordinarily requires factual review and should not support dismissal for failure to state a claim).)" See; [*Mirll v. State of Oklahoma ex rel. University of Central Oklahoma et al*, No. CIV-19-1143-G (W.D. Okla. December 10, 2019)], [*Reichle v. Howards*, 566 U.S. 658, 664 (2012)], [*Mahanoy,* 141 S. Ct. at 2046], and (See 28 U.S.C. 1367(a)).

Respectfully submitted,

*[signature]*

Martina Olupitan, MHA    Pro Se

PO BOX 950742  OKC, OK  73195

Martina.olupitan@gmail.com

Dated: 4/14/2025

5