APPEAL,CLOSED

Email All Attys

Email All Attys and Secondary Emails

# U.S. District Court
# Western District of Oklahoma[LIVE] (Oklahoma City)
# CIVIL DOCKET FOR CASE #: <u>5:24−cv−00349−G</u>

| | |
|---|---|
| Olupitan v. Board of Regents of the University of Oklahoma et al | Date Filed: 04/08/2024 |
| Assigned to: Judge Charles Goodwin | Date Terminated: 04/02/2025 |
| Demand: $75,000 | Jury Demand: Plaintiff |
| Cause: 42:1983 Civil Rights Act | Nature of Suit: 440 Civil Rights: Other |
| | Jurisdiction: Federal Question |

**Plaintiff**

**Martina O Olupitan**
*MHA*

represented by **Martina O Olupitan**
PO Box 950742
Oklahoma City, OK 73195
Email:
PRO SE

V.

**Defendant**

**Board of Regents of the University of Oklahoma**
*State of Oklahoma ex rel*

represented by **John C Curtis , III**
University of Oklahoma Office of Legal Counsel
660 Parrington Oval
Suite 213
Norman, OK 73019
405−325−4124
Fax: 405−325−7681
Email: <u>john.curtis@ou.edu</u>
Email: <u>john.curtis@ou.edu</u>
*TERMINATED: 04/01/2025*
*ATTORNEY TO BE NOTICED*

**M Daniel Weitman**
University of Oklahoma Office of Legal Counsel
660 Parrington Oval
Suite 213
Norman, OK 73019
405−325−4124
Fax: 405−325−7681
Email: <u>dan.weitman@ou.edu</u>
Email: <u>dan.weitman@ou.edu</u>
*ATTORNEY TO BE NOTICED*

**Tina Sharell Ikpa**

1

University of Oklahoma Office of Legal
Counsel
660 Parrington Oval
Suite 213
Norman, OK 73019
405–325–4124
Fax: 405–325–7681
Email: tsikpa@ou.edu
Email: tsikpa@ou.edu
*ATTORNEY TO BE NOTICED*

**Defendant**

**Michael J Smith**                    represented by    **John C Curtis , III**
*Pharm.D.*                                               (See above for address)
                                                         *TERMINATED: 04/01/2025*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **M Daniel Weitman**
                                                         (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Tina Sharell Ikpa**
                                                         (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

**Defendant**

**Gary Raskob**                        represented by    **John C Curtis , III**
*Ph.D.*                                                  (See above for address)
                                                         *TERMINATED: 04/01/2025*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **M Daniel Weitman**
                                                         (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Tina Sharell Ikpa**
                                                         (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

**Defendant**

**Valerie Williams**                   represented by    **John C Curtis , III**
*Ph.D.*                                                  (See above for address)
                                                         *TERMINATED: 04/01/2025*
                                                         *ATTORNEY TO BE NOTICED*

                                                         **M Daniel Weitman**
                                                         (See above for address)
                                                         *ATTORNEY TO BE NOTICED*

                                                         **Tina Sharell Ikpa**
                                                         (See above for address)

2

*ATTORNEY TO BE NOTICED*

**Defendant**

**Laura Stuemky**
*M.D.*

represented by **John C Curtis , III**
(See above for address)
*TERMINATED: 04/01/2025*
*ATTORNEY TO BE NOTICED*

**M Daniel Weitman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Tina Sharell Ikpa**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Ashley Cheyney**
*Ph.D.*

represented by **John C Curtis , III**
(See above for address)
*TERMINATED: 04/01/2025*
*ATTORNEY TO BE NOTICED*

**M Daniel Weitman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Tina Sharell Ikpa**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Andrei Belousov**
*Ph.D.*

represented by **John C Curtis , III**
(See above for address)
*TERMINATED: 04/01/2025*
*ATTORNEY TO BE NOTICED*

**M Daniel Weitman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Tina Sharell Ikpa**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Katherine ONeal**
*Pharm.D.*

represented by **John C Curtis , III**
(See above for address)
*TERMINATED: 04/01/2025*
*ATTORNEY TO BE NOTICED*

3

**M Daniel Weitman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Tina Sharell Ikpa**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Lori Klimkowski**                     represented by   **John C Curtis , III**
(See above for address)
*TERMINATED: 04/01/2025*
*ATTORNEY TO BE NOTICED*

**M Daniel Weitman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Tina Sharell Ikpa**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 04/08/2024 | 1 | | COMPLAINT against Andrei Belousov, Board of Regents of the University of Oklahoma, Ashley Cheyney, Lori Klimkowski, Katherine ONeal, Gary Raskob, Michael J Smith, Laura Stuemky, Valerie Williams filed by Martina O Olupitan. (Attachments: # 1 Attachment 1 – Exhibit Guide, # 2 Exhibit 1 – PHAR 7153 (Immunology) Course Closed, # 3 Exhibit 2 – PHAR 7153 (Immunology) Department Chair Standifer's resolution to the PHAR 7153 Academic Appeal, # 4 Exhibit 3 – PHAR 7 456 (Physiology) Cheyney's written agreement, # 5 Exhibit 4 – PHAR 7456 Paper given by Cheyney for exams that had Plaintiff's written concerns for Exam 3 on 7–28–22, # 6 Exhibit 5 – Interim Chair Belousov title and department, # 7 Exhibit 6 – OUHSC Faculty Handbook Section (b) Conference with the Department Chair, Appendix C – page 12 – 4., # 8 Exhibit 7 – Written Agreement w. Dean Smith Refund of tuition, # 9 Exhibit 8 – Sweed, Bridgette (Bursar) title, # 10 Exhibit 9 – OUHSC Faculty Handbook Academic Appeals Policies and Procedures Sections g and h pg. 12 – 5., # 11 Exhibit 10 – OUHSC Faculty Handbook Academic Appeals Policy and Procedures Sections i and 1 pg. 12 – 6, # 12 Exhibit 11 – OUHSC Faculty Handbook Academic Appeals Policy and Procedures Section mpg. 12 – 6, # 13 Exhibit 12 – written agreement Vice Provost Academic Affairs and Faculty Development Williams, # 14 Exhibit 13 – OUHSC Faculty Handbook Academic Appeals Hearing Panel, # 15 Exhibit 14 – written agreement Dept Chair Stuemky, # 16 Exhibit 15 – Dean and I Meeting March 2, 2023, # 17 Exhibit 16 – 230310 SVPP Response Letter to Martina Olupitan, # 18 Exhibit 17 – Smith's Dismissal Email March 21st, 2023, # 19 Exhibit 18 – Olupitan, M Dismissal. (Address was redacted), # 20 Exhibit 19 – Phar 7713 Exam 1 B grade for Olupitan, # 21 Exhibit 20 – PHAR 7713 Exam I B grade for Olupitan, # 22 Exhibit 21 – PHAR 7713 Exam 2 F grade for Olupitan, # 23 Exhibit 22 – PHAR 7802 Miller April 12th, 2023, Email to Olupitan, # 24 Exhibit 23 – Spring 2023 |

| | | Exam Schedule, # 25 Exhibit 24 – Klimkowski, Lori (Office of Admissions and Records), # 26 Exhibit 25 – OUHSC Student Handbook pg. 1, # 27 Exhibit 26 – OUHSC Student Handbook Table of Contents pg. 2, # 28 Exhibit 27 – OUHSC Student Handbook Section 3.8.8 Grading System pg. 18, # 29 Exhibit 28 – Dismissal Date of April 13th, 2023, per Office of Admissions & Records, # 30 Exhibit 29 – PHAR 7891 Professor Guidry email course starting April 17, 2023, # 31 Exhibit 30 – OUCOP Spring 2023 Courses, # 32 Exhibit 31 – Dismissal Date of May 12th, 2023, per Ms. Lori Klimkowski – Office of Admissions & Records (Registrar), # 33 Civil Cover Sheet)(ekw) (Entered: 04/08/2024) |
|---|---|---|
| 04/08/2024 | 2 | Receipt for Money Received from Martina O Olupitan in the amount of $405, receipt number 500006424 regarding 1 Complaint. Receipt provided to plaintiff over the counter. (ekw) (Entered: 04/08/2024) |
| 04/08/2024 | 3 | **RECUSAL ORDER**. Judge Jodi W. Dishman recused. The Clerk of the Court is directed to place this case number in the random draw for reassignment to another Judge of the Court. Signed by Judge Jodi W. Dishman on 4/8/2024. (nv) (Entered: 04/08/2024) |
| 04/08/2024 | 4 | **ENTER ORDER**. Case transferred to Judge Scott L. Palk for all further proceedings. HEREAFTER, PLEASE REFER TO CASE AS: CIV–24–00349–SLP. Entered at the direction of Judge Jodi W. Dishman on 4/8/2024. (nv) (Entered: 04/08/2024) |
| 04/09/2024 | 5 | **ORDER OF RECUSAL** Pursuant to 28 U.S. C. § 455, I recuse from the above–referenced case and direct the Clerk of Court to place this case number in the random draw for reassignment to another judge of this court. Signed by Judge Scott L. Palk on 4–9–24. (mjs) (Entered: 04/09/2024) |
| 04/09/2024 | 6 | **ORDER REASSIGNING CASE**. Case reassigned to Judge Charles Goodwin for all further proceedings. Judge Scott L. Palk no longer assigned to case. Signed by Judge Scott L. Palk on 4/9/24. (mjs) (Entered: 04/09/2024) |
| 06/12/2024 | 7 | Summons Issued Electronically as to Andrei Belousov, Board of Regents of the University of Oklahoma, Ashley Cheyney, Lori Klimkowski, Katherine ONeal, Gary Raskob, Michael J Smith, Laura Stuemky, Valerie Williams. (ekw) (Entered: 06/12/2024) |
| 06/12/2024 | 8 | SUPPLEMENT re 1 Complaint,,,,,,,,, by Martina O Olupitan. (Attachments: # 1 Exhibit 1 – Exhibits, # 2 Exhibit 2 – Exhibit Guide Pt 2)(rp) (Entered: 06/12/2024) |
| 06/12/2024 | 9 | SUPPLEMENT re 8 Supplement by Martina O Olupitan. (Attachments: # 1 Exhibit 1 – Additional Exhibit)(rp) (Entered: 06/12/2024) |
| 06/21/2024 | 10 | Summons Issued Electronically as to Lori Klimkowski. (rp) (Entered: 06/21/2024) |
| 06/21/2024 | 11 | SUMMONS Returned Executed by Martina O Olupitan. Board of Regents of the University of Oklahoma served on 6/20/2024. (rp) (Entered: 06/21/2024) |
| 06/21/2024 | 12 | SUMMONS Returned Executed by Martina O Olupitan. Ashley Cheyney served on 6/18/2024. (rp) (Entered: 06/21/2024) |
| 06/26/2024 | 13 | Summons Issued Electronically as to Board of Regents of the University of Oklahoma. (kb) (Entered: 06/26/2024) |

| 06/26/2024 | 14 | | SUPPLEMENT re 11 Summons Returned Executed by Martina O Olupitan. (rp) (Entered: 06/26/2024) |
|---|---|---|---|
| 07/01/2024 | 15 | | SUMMONS Returned Executed by Martina O Olupitan. Andrei Belousov served on 6/25/2024; Ashley Cheyney served on 6/25/2024; Lori Klimkowski served on 6/25/2024; Katherine ONeal served on 6/25/2024; Gary Raskob served on 6/25/2024; Michael J Smith served on 6/25/2024; Laura Stuemky served on 6/25/2024; Valerie Williams served on 6/25/2024. (naa) (Entered: 07/01/2024) |
| 07/01/2024 | 16 | | SUMMONS Returned Executed by Martina O Olupitan. Board of Regents of the University of Oklahoma served on 6/29/2024. (Attachments: # 1 Attachment 1 – Certified Mail Receipt)(naa) (Entered: 07/01/2024) |
| 07/01/2024 | 17 | | ENTRY of Appearance by John C Curtis, III on behalf of Board of Regents of the University of Oklahoma (Curtis, John) (Entered: 07/01/2024) |
| 07/01/2024 | 18 | | ENTRY of Appearance by M Daniel Weitman on behalf of Board of Regents of the University of Oklahoma (Weitman, M) (Entered: 07/01/2024) |
| 07/01/2024 | 19 | | MOTION for Extension of Time to File Response/Reply as to 1 Complaint,,,,,,,,,, by Andrei Belousov, Board of Regents of the University of Oklahoma, Ashley Cheyney, Lori Klimkowski, Katherine ONeal, Gary Raskob, Michael J Smith, Laura Stuemky, Valerie Williams. (Curtis, John) (Entered: 07/01/2024) |
| 07/02/2024 | 20 | | ORDER granting 19 MOTION for Extension of Time to File Response/Reply as to 1 Complaint. Defendants shall answer or otherwise respond to the Complaint on or before July 16, 2024. Signed by Judge Charles Goodwin on 07/02/2024. (jb) (Entered: 07/02/2024) |
| 07/05/2024 | 21 | | MOTION to Disqualify Opposing Counsel by Martina O Olupitan. (Attachments: # 1 Attachment 1 – Exhibit Guide pt. 3, # 2 Exhibit 1 – Plaintiff's Call Log Record of Plaintiff's calls to the Board of Regents of OU, # 3 Exhibit 2 – Business Card of the Assistant Secretary of the Board of Regents of Oklahoma)(ekw) (Entered: 07/05/2024) |
| 07/10/2024 | 22 | | SUPPLEMENT re 21 MOTION to Disqualify Counsel by Martina O Olupitan. (Attachments: # 1 Attachment 1 – Supporting Documents)(rp) (Entered: 07/10/2024) |
| 07/15/2024 | 23 | | MOTION for Summary Judgment by Martina O Olupitan. (Attachments: # 1 Exhibit 1 – Supporting Documents)(rp) (Entered: 07/15/2024) |
| 07/16/2024 | 24 | | RESPONSE in Opposition re 21 MOTION to Disqualify Counsel filed by All Defendants. (Attachments: # 1 Attachment Grant v. Flying Bud Farms, LLC)(Weitman, M) (Entered: 07/16/2024) |
| 07/16/2024 | 25 | | MOTION to Dismiss *Plaintiff's Petition* by All Defendants. (Attachments: # 1 Attachment South Central Industries v. Kerrtas Marketing, # 2 Attachment Clark v. Stockton, # 3 Affidavit Affidavit of Elizabeth Roberts)(Curtis, John) (Entered: 07/16/2024) |
| 07/17/2024 | 26 | | MOTION for Order "Plaintiff's Motion for Time to File Responsive Pleading" by Martina O Olupitan. (rp) (Entered: 07/17/2024) |

| 07/17/2024 | 27 | | ORDER denying as moot 26 Motion for Time to File Responsive Pleading. Signed by Judge Charles Goodwin on 07/17/2024. (jb) (Entered: 07/17/2024) |
|---|---|---|---|
| 07/19/2024 | 28 | | MOTION for Order *to Stay Briefing on Plaintiff's Motion for Summary Judgment* by All Defendants. (Attachments: # 1 Attachment Hwang v. Kansas State University, # 2 Attachment Foshee Yaffe LLC v. OKC Veteran's Medical Center)(Curtis, John) (Entered: 07/19/2024) |
| 07/19/2024 | 29 | | RESPONSE in Opposition re 28 MOTION for Order *to Stay Briefing on Plaintiff's Motion for Summary Judgment* filed by Martina O Olupitan. (Attachments: # 1 Exhibit 1 – Department of Education FERPA, # 2 Exhibit 2 – Ex 4 LifeStance Health, # 3 Exhibit 3 – Ex 5 Medical Records Auth inquiry, # 4 Exhibit 4 – Ex 19 USPS Delivery, # 5 Exhibit 5 – Ex 22 Liz Roberts Picture, # 6 Exhibit 6 – Ex 24 Shephard Email, # 7 Exhibit 7 – Ex 27 Hubbard v US)(rp) (Entered: 07/19/2024) |
| 07/23/2024 | 30 | | SUPPLEMENT re 29 Response in Opposition to Motion, by Martina O Olupitan. (rp) (Entered: 07/23/2024) |
| 07/23/2024 | 31 | | ORDER granting 28 Motion to Stay Briefing. Signed by Judge Charles Goodwin on 07/23/2024. (jb) (Entered: 07/23/2024) |
| 07/29/2024 | 32 | | MOTION for Extension of Time by Martina O Olupitan. (naa) (Entered: 07/29/2024) |
| 07/30/2024 | 33 | | ORDER granting 32 Motion for Extension of Time. Plaintiff shall submit her response to Defendant's Motion to Dismiss (Doc. No. 25 ) on or before August 19, 2024. Signed by Judge Charles Goodwin on 07/30/2024. (jb) (Entered: 07/30/2024) |
| 08/16/2024 | 34 | | RESPONSE in Opposition re 25 MOTION to Dismiss *Plaintiff's Petition* filed by Martina O Olupitan. (Attachments: # 1 Attachment 1 – Exhibit List, # 2 Exhibit 1 – Supporting Documents)(rp) (Entered: 08/16/2024) |
| 08/22/2024 | 35 | | REPLY to Response to Motion re 25 MOTION to Dismiss *Plaintiff's Petition* filed by All Defendants. (Curtis, John) (Entered: 08/22/2024) |
| 08/23/2024 | 36 | | SURREPLY re 35 Reply to Response to Motion filed by Martina O Olupitan. (rp) (Entered: 08/23/2024) |
| 11/19/2024 | 37 | | MOTION for Order, "Plaintiff's Motion For Expedited Consideration of Plaintiff's Opposition To Motion To Dismiss" by Martina O Olupitan. (dtb) (Entered: 11/19/2024) |
| 01/08/2025 | 38 | | MOTION for Order for ECF Permissions by Martina O Olupitan. (llr) (Entered: 01/08/2025) |
| 01/14/2025 | 39 | | NOTICE (other)–Plantiff's Notice of Pending Motions by Martina O Olupitan (llr) . Modified on 1/15/2025 to clear excess pages (naa). (Entered: 01/14/2025) |
| 01/21/2025 | 40 | | ORDER denying 38 Motion for Order. Signed by Judge Charles Goodwin on 01/21/2025. (jb) (Entered: 01/21/2025) |
| 01/31/2025 | 41 | | MOTION to Withdraw as Attorney by Board of Regents of the University of Oklahoma. (Curtis, John) (Entered: 01/31/2025) |
| 01/31/2025 | 42 | | |

| | | | |
|---|---|---|---|
| | | | AMENDED MOTION to Amend/Correct *Withdrawal of John C. Curtis, III* by All Defendants. (Curtis, John) (Entered: 01/31/2025) |
| 01/31/2025 | 43 | | ENTRY of Appearance by M Daniel Weitman on behalf of All Defendants (Weitman, M) (Entered: 01/31/2025) |
| 01/31/2025 | 44 | | ENTRY of Appearance by Tina Sharell Ikpa on behalf of All Defendants (Ikpa, Tina) (Entered: 01/31/2025) |
| 01/31/2025 | 45 | | MOTION to Seal by Martina O Olupitan. (Attachments: # 1 Exhibit 1 – Case Summary, 1–11–2025, # 2 Exhibit 2 – Case Summary, 1–11–25, # 3 Exhibit 3 – Case Summary, 1–11–25, # 4 Exhibit 4 – Case Summary, 1–11–25)(llr) (Entered: 01/31/2025) |
| 02/21/2025 | 46 | | MOTION for Reconsideration titled Motion for Reconsideration of ECF Permissions by Martina O Olupitan. (Attachments: # 1 Exhibit 1 – Opposing Counsel's Delayed Mailing)(llr) (Entered: 02/21/2025) |
| 03/03/2025 | 47 | | MOTION to Lift of Stay by Martina O Olupitan. (llr) (Entered: 03/03/2025) |
| 03/31/2025 | 48 | | ORDER denying 21 Motion to Disqualify Counsel. Signed by Judge Charles Goodwin on 03/31/2025. (jb) (Entered: 03/31/2025) |
| 04/01/2025 | 49 | 9 | ORDER. Defendants' Motion to Dismiss (Doc. No. 25 ) is GRANTED. Plaintiff's Complaint (Doc. No. 1 ) is DISMISSED WITHOUT PREJUDICE. Specifically, Plaintiff's federal claim is dismissed for failure to state a claim upon which relief can be granted. The Court declines to exercise supplemental jurisdiction over Plaintiff's state–law claims. Attorney Curtis' request to withdraw (Doc. Nos. 41 , 42 ) is GRANTED. Plaintiff's Motion to Seal (Doc. No. 45 ) is DENIED. Plaintiff's Motion (Doc. No. 46 ) requesting reconsideration of the Court's prior decision regarding ECF permissions reflects no clear error or manifest injustice and is therefore DENIED. Plaintiff's other pending motions (Doc. Nos. 37 , 47 ) are DENIED AS MOOT. Signed by Judge Charles Goodwin on 04/01/2025. (jb) (Entered: 04/01/2025) |
| 04/02/2025 | 50 | 28 | MOTION to Alter Judgment Order Denying Reconsideration of ECF Permissions by Martina O Olupitan. (llr) (Entered: 04/02/2025) |
| 04/02/2025 | 51 | 34 | JUDGMENT. This matter is DISMISSED WITHOUT PREJUDICE. Signed by Judge Charles Goodwin on 04/02/2025. (jb) (Entered: 04/02/2025) |
| 04/07/2025 | 52 | 35 | MOTION to Alter Judgment by Martina O Olupitan. (llr) (Entered: 04/07/2025) |
| 04/14/2025 | 53 | 49 | NOTICE OF APPEAL by Martina O Olupitan. (llr) (Entered: 04/14/2025) |
| 04/14/2025 | 54 | | USCA Appeal Fee received in the amount of $ 605, receipt number 500011500, re 53 Notice of Appeal filed by Martina O Olupitan. (llr) (Entered: 04/14/2025) |
| 04/14/2025 | 55 | | PRELIMINARY RECORD LETTER – Electronic Transmission of Notice of Appeal with Preliminary Record sent to Tenth Circuit Court of Appeals re 53 Notice of Appeal (Attachments: # 1 Attachment 1 – Preliminary Record on Appeal)(llr) (Entered: 04/14/2025) |

## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **MARTINA O. OLUPITAN, MHA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-24-349-G** |
| | ) | |
| **STATE OF OKLAHOMA** *ex rel.* | ) | |
| **THE BOARD OF REGENTS OF THE** | ) | |
| **UNIVERSITY OF OKLAHOMA** | ) | |
| **et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### ORDER

Now before the Court is Defendants' Motion to Dismiss (Doc. No. 25). Plaintiff Martina O. Olupitan, MHA, has responded (Doc. No. 34), Defendants have replied (Doc. No. 35), and Plaintiff has filed a Surreply (Doc. No. 36).

### I.    Background

In this action, Plaintiff, appearing pro se, brings one federal claim and several state-law claims against multiple defendants: the State of Oklahoma *ex rel.* the Board of Regents of the University of Oklahoma ("OU"); Michael J. Smith, Pharm.D.; Gary Raskob, PhD; Valerie Williams, PhD; Laura Stuemky, MD; Ashley Cheyney, PhD; Andrei Belousov, PhD; Katherine O'Neal, Pharm.D.; and Lori Klimkowski. *See* Compl. (Doc. No. 1) at 2-4. The individual Defendants hold various leadership and teaching positions at OU College of Pharmacy ("OUCOP"), OU Health Sciences Center ("OUHSC"), and OU College of Medicine. *See id.* at 2-4. The Complaint states that Defendant Smith is Associate Dean of OUCOP, Defendant Raskob is Senior Vice President and Provost of OUHSC, and

Defendant Williams is Vice Provost for Academic Affairs and Faculty Development of OUHSC. *See id.* at 2-3.

The relevant incidents occurred while Plaintiff was pursuing a doctoral degree from OUCOP. *See id.* ¶¶ 2, 13. In July 2022, Plaintiff was attempting to take an exam, administered via computer, in a Human Physiology course taught by Defendant Cheyney. *Id.* ¶ 17. Defendant Cheyney allegedly instructed Plaintiff to make note of any issues experienced during the exam on a separate sheet of paper. *See id.* ¶ 18. Plaintiff alleges that, after an initial technical difficulty was remedied by Defendant Cheyney, Plaintiff later encountered another "technical glitch" that prevented scrolling between pages. *See id.* ¶¶ 20-21. Per the instructions, Plaintiff noted the glitch and "questions" and "answer choices that she could no longer go back to" on a piece of paper. *Id.* ¶ 21; *see also id.* Ex. 4 (Doc. No. 1-5) at 1. Plaintiff alleges that she orally advised Defendant Cheyney of the glitch, but Defendant Cheyney did not offer any solutions or accept the paper with her notes. *See* Compl. ¶ 22. Plaintiff and Defendant Cheyney then spoke with Defendant Belousov, who was acting as Interim Chair, to see if the exam issue could be resolved informally, but this did not produce a solution. *Id.* ¶¶ 22-23.

Following this, Plaintiff sought formal redress through a grade appeal hearing, which was initiated through communications with Defendant Williams. *Id.* ¶ 29. Liberally construed, Plaintiff implies that her exam result, if not changed through the appeal process, would have prevented her continuing in the doctoral program. *See id.* ¶¶ 26, 27; *see also id.* Ex. 7 (Doc. No. 1-8) at 1 ("If the appeal outcome does not come out in your favor[,] the

2

College of Pharmacy can request, and the Vice Provost for Academic Affairs can approve, an administrative withdrawal that does not penalize you regarding a refund.").

The hearing did not result in any change to Plaintiff's grade. Compl. ¶ 47. Plaintiff then sought review of the hearing panel's confirmation of her grade. *Id.* ¶ 49. Defendant Raskob conducted the review and denied Plaintiff's request to overturn the panel's confirmation decision. *Id.* ¶¶ 49, 70. On March 21, 2023, Plaintiff was notified by Defendant Smith that she was being dismissed from the College of Pharmacy. *Id.* ¶ 71. A letter provided by Defendant Smith stated the dismissal was due to Plaintiff's "unsuccessful remediation of PHAR 7456 Human Physiology." Compl. Ex. 18 (Doc. No. 1-19) at 1. The letter indicated Plaintiff could appeal again to Defendant Raskob within 10 days. *See* Compl. ¶ 72; *see also id.* Ex. 18, at 1. Additional information about this appeal process was provided by Defendant Williams, but only after the 10-day window had expired. Compl. ¶¶ 76-77. Plaintiff did not pursue the matter further because she understood that an appeal would no longer be timely. *Id.* ¶¶ 77-78, 170.

The grade appeal hearing, as well as events and communications related to it, form the gravamen of Plaintiff's federal due process claim. *See id.* ¶¶ 162-174. Plaintiff also brings state-law claims for breach of contract, libel and defamation, and intentional infliction of emotional distress. *See id.* ¶¶ 94-161, 175-208.[1]

---

[1] Relevant to these claims, Plaintiff criticizes Defendants' handling of Plaintiff's departure from the school. Plaintiff alleges that she made a request to Defendant Smith to disseminate information to Plaintiff's professors about her status and cause for her absence from her studies. *See* Compl. ¶ 75. The Complaint alleges that Plaintiff experienced questions from professors and fellow students about her absences, received failing grades

II.    *Standard of Decision*

Plaintiff brings a federal claim against Defendant Raskob and Defendant Williams pursuant to 42 U.S.C. § 1983, a "remedial vehicle for raising claims based on the violation of [federal] constitutional rights." *Brown v. Buhman*, 822 F.3d 1151, 1161 n.9 (10th Cir. 2016).  To succeed on a claim under § 1983, a plaintiff must show "the violation of a right secured by the Constitution and laws of the United States" and that the violation "was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Defendants seek dismissal of Plaintiff's § 1983 claim pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.  *See* Defs.' Mot. at 13-19.  In analyzing a motion to dismiss under Rule 12(b)(6), the court "accept[s] as true all well-pleaded factual allegations in the complaint and view[s] them in the light most favorable to the plaintiff." *Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013).  A complaint fails to state a claim on which relief may be granted when it lacks factual allegations sufficient "to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citation omitted); *see also Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) ("[T]o withstand a motion to dismiss, a complaint must contain enough allegations of fact

---

for assignments and exams administered after her dismissal, continued to appear on seating charts, and had multiple dismissal dates appear on her records. *See id.* ¶¶ 79-89.

to state a claim to relief that is plausible on its face." (internal quotation marks omitted)). Bare legal conclusions in a complaint are not entitled to the assumption of truth; "they must be supported by factual allegations" to state a claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). While the Rule 12(b)(6) standard does not require that a plaintiff establish a prima facie case in the pleading, the court discusses the essential elements of each alleged cause of action to better "determine whether [the plaintiff] has set forth a plausible claim." *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012).

## III. Discussion

### A. Plaintiff's Fourteenth Amendment Claim

The Due Process Clause of the Fourteenth Amendment prohibits a State from "depriv[ing] any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. To establish a procedural due process violation, Plaintiff must demonstrate (1) a deprivation by the State of a protected interest in life, liberty, or property, and (2) inadequate state process. *See Reed v. Goertz*, 598 U.S. 230, 236 (2023).

Plaintiff alleges that Defendants Raskob and Williams violated Plaintiff's procedural due process rights under the Fourteenth Amendment by orchestrating and overseeing Plaintiff's academic appeal in contravention of the policies provided in OUCOP's appeal guidelines. *See* Compl. ¶¶ 168-171. Defendants Raskob and Williams argue that absolute immunity shields them from Plaintiff's claim because their actions were taken in the course of fulfilling a judicial function. *See* Defs.' Mot. at 13. In the alternative, Defendants Raskob and Williams seek dismissal on the basis that qualified immunity shields them from Plaintiff's claim. *See id.* at 14.

5

Assertions of absolute and qualified immunity in a motion to dismiss are reviewed under the Rule 12(b)(6) standard. *See Thomas v. Kaven*, 765 F.3d 1183, 1190-91 (10th Cir. 2014).

### 1. Absolute Immunity

Defendants Raskob and Williams assert that absolute immunity should bar Plaintiff's federal claim against them because they "were acting as judges." Defs.' Mot. at 13. Defendant Raskob invokes absolute immunity on the basis that he "was acting as an appellate judge and simply upheld the hearing panel's decision." *Id.* Defendant Williams argues that she should be completely protected from liability because her "role, as outlined in the hearing procedures, involved providing the hearing guidelines to the parties of the grade appeal." *Id.*

"Absolute immunity, which affords complete protection from liability for damages, defeats suit at the outset." *Flor v. Bd. of Regents of Univ. of N.M.*, 539 F. Supp. 3d 1176, 1186 (D.N.M. 2021) (internal quotation marks omitted). Absolute immunity has been granted to executive department officials in "those exceptional situations where it is demonstrated that absolute immunity is essential for the conduct of the public business." *Butz v. Economou*, 438 U.S. 478, 507 (1978).

> Government officials are entitled to absolute immunity only if (1) their functions are "similar to those involved in the judicial process," (2) their actions are "likely to result in damages lawsuits by disappointed parties," *and* (3) there are "sufficient safeguards in the regulatory framework to control unconstitutional conduct."

*Flor*, 539 F. Supp. 3d at 1186 (quoting *Horwitz v. State Bd. of Med. Exam'rs of Colo.*, 822 F.2d 1508, 1513 (10th Cir. 1987)). "The official seeking absolute immunity bears the

6

burden of showing that such immunity is justified for the function in question." *Id.* (alteration and internal quotation marks omitted).

Rather than specifically addressing the absolute immunity factors, Defendants Raskob and Williams assert, in conclusory fashion, that absolute immunity applies because of their judge-like roles in Plaintiff's academic appeal, citing as support portions of the appeal guidelines. *See* Defs.' Mot. at 13. This assertion fails to carry their burden because, relevant to the third factor, Defendants Raskob and Williams have not shown "sufficient safeguards" existed in the grade appeal hearing framework "to control" potentially unlawful conduct. *Horwitz*, 822 F.2d at 1513.

In considering whether sufficient safeguards are present,

[t]he focus of *Horwitz* is not whether a plaintiff was in fact provided with procedural safeguards required by law; rather it is whether sufficient procedural safeguards *existed* in the applicable regulatory framework so that a plaintiff can seek redress through regular channels if they are not complied with.

*Devous v. Campbell*, No. 92-8063, 1994 WL 7111, at *1 (10th Cir. Jan. 13, 1994). In *Butz*, for example, the Supreme Court found that federal hearing examiners should be entitled to absolute immunity because the proceedings mandated "many of the same safeguards as are available in the judicial process," including: "the proceedings [were] adversary in nature" and "conducted by a trier of fact insulated from political influence"; "a party [was] entitled to present his case by oral or documentary evidence"; "the transcript of testimony and exhibits together with the pleadings constitute[d] the exclusive record for decision"; and "the parties [were] entitled to know the findings and conclusions on all the issues of fact, law, or discretion presented on the record." *Butz*, 438 U.S. at 513.

As to the initial hearing, the procedures described in the Complaint and attached policy manual reflect a proceeding with only some of the typical safeguards for judicial proceedings.  *See* "Academic Appeals Policy and Procedures," Compl. Ex. 13 (Doc. No. 1-14).  For example, the Academic Appeals Policy provides only a limited right of representation, stating that "[b]oth parties have the right to be accompanied by a personal advisor or legal counsel throughout the hearing" but "these individuals may not question witnesses or address the panel."  *Id.* at 1.  The hearing panel is composed of students and faculty members rather than "professional hearing officers."  *Cleavinger v. Saxner*, 474 U.S. 193, 203-04 (1985) (characterizing "employees" who were "temporarily diverted from their usual duties" to serve on an internal review committee as not "independent"); *see* Compl. Ex. 13, at 1; *see also Flor*, 539 F. Supp. 3d at 1189-90.[2]  There is no showing in the record that the panel has "authority to subpoena witnesses and compel testimony under penalty of perjury, which are important safeguards that help ensure that an accused has the ability to fully confront and cross-examine witnesses."  *Flor*, 539 F. Supp. 3d at 1189.  And there is no indication that a record of the proceedings is produced.  *See* Compl. Ex. 9 (Doc. No. 1-10), at 1; *see also* Compl. Ex. 11, at 1.

The same is true of the procedures for appeal or other review of the hearing panel's decision.  In that regard, the Academic Appeals Policy provides:

---

[2] The Academic Appeals Board comprises "an equal number of students and faculty." Compl. Ex. 13, at 1.  "Faculty members of the Board will be chosen by the faculty of the college for a three-year term," and "student members of the Board will be appointed for a term of one year by the dean of the college, upon recommendation from the college student association president."  *Id.*

> The findings and recommendations of the Hearing Panel shall be final and not appealable within the University unless the student submits written evidence to the Senior Vice President and Provost of (1) manifest procedural irregularities that effectively denied the student a fair hearing; (2) new and significant evidence that could not have been discovered by a reasonably diligent student before or during the original hearing; or (3) probable inequity in the disposition of the matter.
>
> Harmless deviations from proscribed procedures may not be used to invalidate the finding or proceeding.  Technical departures from these procedures and errors in their application shall not be grounds to overturn the Hearing Panel's finding unless, in the opinion of the Senior Vice President and Provost, the technical departure or errors prevented a fair determination of the issues.
>
> . . . .
>
>  . . . Consideration of appeals may be made by the Senior Vice President and Provost on the basis of written statements and such other evidence as the Senior Vice President and Provost may require according to procedures the Senior Vice President and Provost deems appropriate.

Compl. Ex. 11 (Doc. No. 1-12) at 1.  Such limited internal review is not "a meaningful substitute for independent judicial review." *Flor*, 539 F. Supp. 3d at 1189.

While these procedures may be a reasonable fit for the needs and purposes of OUCOP, they do not reflect the type of protections typically present in a judicial setting. As such, the role of adjudicators within the OUCOP process is not the type of judicial or quasi-judicial role that would properly afford absolute immunity to these officials. Defendants Raskob and Williams have not met their burden to show entitlement to absolute immunity based on an assessment of the structure and characteristics of the initial grade appeal and subsequent review.

## 2. *Qualified Immunity*

Plaintiff's § 1983 claim alleges that Defendants Raskob and Williams violated her procedural due process rights under the Fourteenth Amendment by treating Plaintiff differently during the grade appeal process than they treated Defendant Cheyney, the professor who gave the grade at issue. *See* Compl. ¶¶ 170, 174. The academic appeal procedures state that the Vice Provost for Academic Affairs, in this instance Defendant Williams, would provide information about how the appeal hearing would be conducted to the participants, in this instance Plaintiff and Defendant Cheyney. *See id.* ¶ 168; *see also id.* Ex. 9, at 1. To this end, Defendant Williams notified Plaintiff and Defendant Cheyney that the hearing would proceed only using evidence previously submitted. *See* Compl. ¶ 29; *see also id.* Ex. 12 (Doc. No. 1-13) at 1.

Plaintiff alleges that Defendant Williams nonetheless permitted Defendant Cheyney to present new evidence at Plaintiff's hearing without giving Plaintiff advance notice, which violated the procedures and denied Plaintiff due process. *See id.* ¶¶ 169-170.[3] Plaintiff alleges that Defendant Raskob then further deprived Plaintiff of due process when he upheld the results of the hearing despite knowing about the improper presentation of new evidence by Defendant Cheyney. *See id.* ¶ 167. Plaintiff alleges that Defendant

---

[3] The grade appeal hearing itself was conducted by Defendant Stuemky, who acted as the hearing panel chair. *See* Compl. ¶ 7; *see also id.* Ex. 9, at 1 ("The Chair of the Hearing Panel shall preside at the hearing . . . ."). Prior to the hearing, Defendant Stuemky reiterated the evidentiary limitation to Plaintiff and Defendant Cheyney. *See id.* Ex. 14 (Doc. No. 1-15) at 1. Defendant Stuemky then accepted Defendant Cheyney's new evidence at the hearing. Compl. ¶ 46.

Raskob's and Defendant Williams' actions were intentional and motivated by Defendant Cheyney having "a different national origin than Plaintiff." *Id.* ¶ 169.

Defendants seek dismissal on the basis of qualified immunity, which "is an affirmative defense to be asserted by a government official performing discretionary functions." *Flor*, 539 F. Supp. 3d at 1186 (internal quotation marks omitted). Within their qualified immunity argument, Defendants Raskob and Williams specifically assert they did not personally participate in the process to the degree required to support § 1983 liability and that no violation of Plaintiff's clearly established rights occurred. *See* Defs.' Mot. at 15-17. Plaintiff in her Response addresses these arguments. *See* Pl.'s Resp. at 11-17.

### a. Personal Participation

"Personal participation is an essential allegation in a § 1983 claim." *Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). First, the plaintiff must allege facts that establish the defendant's "personal involvement or participation" in the alleged violation of a federal right. *Grimsley v. MacKay*, 93 F.3d 676, 679 (10th Cir. 1996). Second, the plaintiff must allege facts that establish a causal connection between the acts of that particular defendant and the alleged violation of the federal right. *See Iqbal*, 556 U.S. at 676; *Pahls v. Thomas*, 718 F.3d 1210, 1225-26, 1228 (10th Cir. 2013). "The requisite causal connection is satisfied if the defendant set in motion a series of events that the defendant knew or reasonably should have known would cause others to deprive the plaintiff of her constitutional rights." *Mink v. Knox*, 613 F.3d 995, 1001 (10th Cir. 2010) (internal quotation marks omitted).

Defendant Williams argues that her actions in providing the hearing guidelines to Plaintiff and Defendant Cheyney do not constitute an affirmative link to any violation. *See* Defs.' Mot at 17. Plaintiff responds that Defendant Williams sufficiently participated by providing the hearing guidelines and setting limits on what evidence could be presented, with knowledge that Defendant Cheyney would not comply with the limits, and by failing to timely provide information about this permission to Defendant Raskob. *See* Pl.'s Resp. at 16-17.

Defendant Raskob argues that his role in reviewing and upholding the initial grade appeal panel's decision does not suffice to show personal participation or an affirmative link to the deprivation of Plaintiff's rights because Defendant Raskob's only action was to deny Plaintiff's request. Defs.' Mot. at 16-17. Plaintiff responds that Defendant Raskob sufficiently participated by deciding the appeal of the hearing panel's decision, including by failing to remedy the allowance of non-noticed evidence and by affirming the hearing panel's decision without an impartial and proper basis to do so. *See* Pl.'s Resp. at 16; *see also* Compl. ¶ 171.

Denial of administrative relief in other contexts, "by itself without any connection to the violation of constitutional rights alleged by plaintiff," generally does not "establish personal participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) (internal quotation marks omitted). But "[w]hen assessing whether a dismissed student's due process rights were violated," the inquiry focuses on "whether the decision to dismiss the student was careful and deliberate," which "encompasses the entire process that rendered the decision final." *Rossi v. Dudek*, No. 20-4062, 2022 WL 1421957, at *8

12

(10th Cir. May 5, 2022) (alteration and internal quotation marks omitted).  The Court's focus

> is not on whether any given academic official's actions comported with due process in isolation—it is on whether the decision itself did so.  Our analysis thus encompasses the entire process that rendered the decision final, which includes any opportunities that the institution provided to the student to revisit or overturn it.  The degree to which that review process may have been compromised is critical to whether it can produce a careful and deliberate decision . . . .

*Id.* (citations omitted).

Applying these considerations, the Court finds that Plaintiff's allegations are sufficient to plausibly establish Defendant Williams' and Defendant Raskob's participation in the alleged constitutional violation.  Plaintiff's allegations reflect that Defendant Williams participated in the initial denial of the grade appeal by setting the limit on new evidence—though knowing the limit would not be adhered to—and delaying the provision of information to Defendant Raskob for use during his review of the initial panel decision. Further, Plaintiff's allegations reflect that Defendant Raskob participated in the denial of the grade appeal by reviewing and upholding the decision of the hearing panel despite knowing or having reason to know of deficiencies in the hearing panel's process.

### b.  *Violation of a Clearly Established Right*

"Although qualified immunity defenses are typically resolved at the summary judgment stage, district courts may grant motions to dismiss on the basis of qualified immunity."  *Thomas*, 765 F.3d at 1194.  "At [the motion to dismiss] stage, it is the defendant's conduct as alleged in the complaint that is scrutinized for objective legal

reasonableness." *Behrens v. Pelletier*, 516 U.S. 299, 309 (1996) (emphasis and internal quotation marks omitted).

> In resolving a motion to dismiss based on qualified immunity, the court considers (1) whether the facts that a plaintiff has alleged make out a violation of a constitutional right, and (2) whether the right at issue was clearly established at the time of defendant's alleged misconduct.

*Keith v. Koerner*, 707 F.3d 1185, 1188 (10th Cir. 2013) (internal quotation marks omitted). "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Stewart v. Beach*, 701 F.3d 1322, 1330 (10th Cir. 2012) (internal quotation marks omitted).

Plaintiff's § 1983 claim specifically challenges the procedural process she received during the academic appeal process—the result of which led to her dismissal from the program. *See* Compl. ¶¶ 170-171. Plaintiff's property interest in continuing her education in OU's pharmacy program "is entitled to due process to protection under the Constitution." *Gossett v. Okla. ex rel. Bd. of Regents for Langston Univ.*, 245 F.3d 1172, 1181 (10th Cir. 2001); *accord Rossi*, 2022 WL 1421957, at *7 ("A student with a constitutionally protected interest in attending a public academic program may not be dismissed from the program without due process of law.").

But "[p]rocedural due process as applied to academic dismissals ordinarily requires no more than that the student have prior notice of faculty dissatisfaction with his or her performance and of the possibility of dismissal, and that the decision to dismiss the student be careful and deliberate." *Rossi*, 2022 WL 1421957, at *8 (alterations and internal

quotation marks omitted); *see also id.* at *7 (explaining that when "a student is dismissed on academic grounds" rather than for disciplinary reasons the court's "review of the decision is highly deferential").[4]  The Tenth Circuit, relying on Supreme Court precedent, has explained that "the due process clause does not require that a student dismissed from a [public university] for academic reasons be given a hearing." *Trotter v. Regents of the Univ. of N.M.*, 219 F.3d 1179, 1185 (10th Cir. 2000) (citing *Horowitz*, 435 U.S. at 86-90). And a university's failure "to follow its own regulations . . . would not, by itself, give rise to a constitutional claim under the Fourteenth Amendment." *Id.*

Plaintiff points to *Gossett* to attempt to establish a violation of a clearly established constitutional right.  In that case, the Tenth Circuit reversed the district court's grant of summary judgment to a nursing program that had required a male student to withdraw. *See Gossett*, 245 F.3d at 1181-82.  This holding rested on the plaintiff's showing of a genuine factual issue as to "whether the decision to require his withdrawal was the result of impermissible gender discrimination rather than a careful and deliberate evaluation of his academic ability." *Id.* at 1181.  Here, Plaintiff's challenge primarily concerns the adequacy of the administrative hearing procedures applied in Plaintiff's hearing and the subsequent appeal.  Plaintiff's unsupported and vague contention that she was "intentionally" and "impermissibly treated differently than Defendant Cheyney, who is of a different national

---

[4] The Court is mindful that, "[l]ike the decision of an individual professor as to the proper grade for a student in his course, the determination whether to dismiss a student for academic reasons requires an expert evaluation of cumulative information and is not readily adapted to the procedural tools of judicial or administrative decisionmaking." *Bd. of Curators of the Univ. of Mo. v. Horowitz*, 435 U.S. 78, 90 (1978).

origin than Plaintiff,"[5] is insufficient to plausibly demonstrate any similar deficiency in Plaintiff's proceedings or to otherwise establish that the disposition was not "careful and deliberate." Compl. ¶ 169; *Rossi*, 2022 WL 1421957, at *8; *see Gossett,* 245 F.3d at 1181-82.[6]

Plaintiff's allegations reflect that, relevant to her appeal of the grade assigned her by Defendant Cheyney, Plaintiff was provided notice, a hearing, and a right of second-level review. While Plaintiff disputes the result of these proceedings and alleges procedural deficiencies that she believes caused an erroneous result, the Court finds that the deficiencies Plaintiff points to are not sufficient to plausibly show that the decision to dismiss Plaintiff was less than careful and deliberate. *See Trotter*, 219 F.3d at 1185 ("The number of appeals and review hearings afforded [the student] convince[s] us that the

---

[5] A claim that a student's dismissal was made "because of improper motives" sounds in substantive rather than procedural due process. *Rossi*, 2022 WL 1421957, at *8; *see Gossett*, 245 F.3d at 1182. Even liberally construed, and even assuming Plaintiff's relevant briefing arguments can be considered together with the pleading, *see* Pl.'s Resp. at 12-13, 17; Pl.'s Surreply at 3-4, Plaintiff's allegations fall far short of plausibly stating a substantive due process claim upon which relief could be granted. *See* Compl. ¶ 169. Rather, such additional allegations of bias regarding Plaintiff's dismissal from the program "are merely consistent with" finding Defendants liable on such a claim. *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted). They "stop[] short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted); *cf. Rainwater v. Okla. ex rel. Bd. of Regents of Univ. of Okla.*, No. CIV-19-382-R, 2020 WL 499698, at *4 & n.8 (W.D. Okla. Jan. 30, 2020) (denying dismissal of substantive due process claim where the plaintiff had specifically alleged that she was dismissed from a master's program due to a grade resulting from the professor's failure to accommodate the plaintiff's disability and the professor's disability-related animus).

[6] Plaintiff's Response asserts that OU's Institutional Equity Office ("IEO") engaged in an investigation into Defendant Cheyney's interactions with Plaintiff. Pl.'s Resp at 13. Plaintiff acknowledges that IEO did not find discrimination had occurred but contests the thoroughness of the process and validity of the finding. *See* Pl.'s Surreply at 3.

16

[school's] decision was careful and deliberate."). Specifically, Defendant Williams' alleged hearing-related actions, even accepted as deviations from the required university procedure, do not plausibly reflect the type of less than careful and deliberate decision that would have been clearly established as amounting to a denial of Plaintiff's due process rights. *See id.* And Defendant Raskob's affirmance of the hearing panel's decision, even accepted as done with knowledge of the alleged deviations from the required university procedure, likewise does not plausibly reflect the type of less than careful and deliberate decision that would have been clearly established as amounting to a denial of Plaintiff's due process rights. *See Rossi*, 2022 WL 1421957, at *9 ("It was not clearly established that an administrative appeals process fails to produce a careful and deliberate decision just because it may not have involved de novo review of all aspects of an academic determination that is alleged to have been based on nonacademic factors.").

Accordingly, Defendants Raskob and Williams are entitled to qualified immunity on Plaintiff's § 1983 procedural due process claim. That claim shall be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).[7]

### B. *Plaintiff's State-Law Claims*

With Plaintiff's federal claim subject to dismissal, the Court contemplates its jurisdiction to consider Plaintiff's remaining claims, which are premised upon violations of Oklahoma law. Defendants argue that the Court should decline to exercise supplemental

---

[7] Plaintiff has requested leave to file an amended complaint. *See* Pl.'s Resp. at 28. Consideration of the additional allegations contained in Plaintiff's Response would not affect the analysis herein. Accordingly, Plaintiff's request is denied.

jurisdiction over these state-law claims.  Defs.' Mot. at 19-20; *see* 28 U.S.C. § 1367(c).

Plaintiff responds that exercising supplemental jurisdiction would promote judicial

efficiency, especially with respect to her claim that OU breached a contract with her by

inappropriately handling federal funds relating to her tuition.  *See* Pl.'s Resp. at 19-20.[8]

"Section 1367 . . . expressly grants the court discretion to dismiss the supplemental

state law claims" upon dismissal of "all of the [federal] claims over which it had original

jurisdiction."  *Tonkovich v. Kan. Bd. of Regents*, 254 F.3d 941, 945 (10th Cir. 2001).

"When all federal claims have been dismissed, the court may, and usually should, decline

to exercise jurisdiction over any remaining state claims."  *Smith v. City of Enid ex rel. Enid

City Comm'n*, 149 F.3d 1151, 1156 (citing 28 U.S.C. § 1367(c)(3)).  Considering the "lack

of pretrial proceedings" and considerations of judicial economy and fairness, the Court

declines to proceed with the remaining state-law claims.  *Tonkovich*, 254 F.3d at 945.

CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss (Doc. No. 25) is

GRANTED.

Plaintiff's Complaint (Doc. No. 1) is DISMISSED WITHOUT PREJUDICE.

Specifically, Plaintiff's federal claim is dismissed for failure to state a claim upon which

relief can be granted.  The Court declines to exercise supplemental jurisdiction over

Plaintiff's state-law claims.

---

[8] The Complaint does not reflect that jurisdiction would lie in this Court on the basis of
diversity, as Plaintiff and multiple Defendants are citizens of Oklahoma.  *See* Compl. at 2;
28 U.S.C. § 1332(a).

18

Attorney Curtis' request to withdraw (Doc. Nos. 41, 42) is GRANTED.

Plaintiff's Motion to Seal (Doc. No. 45) is DENIED. Plaintiff's Motion (Doc. No. 46) requesting reconsideration of the Court's prior decision regarding ECF permissions reflects no clear error or manifest injustice and is therefore DENIED. Plaintiff's other pending motions (Doc. Nos. 37, 47) are DENIED AS MOOT. A separate judgment shall be entered.

IT IS SO ORDERED this 1st day of April, 2025.

CHARLES B. GOODWIN
United States District Judge

19

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

FILED

APR 02 2025

MARTINA O. OLUPITAN, MHA,

Plaintiff

JOAN KANE, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY_____, DEPUTY

Case No. CIV 5 – 24 –349 – G

Judge: Charles B. Goodwin

v.

1. STATE OF OKLAHOMA EX. REL. THE BOARD
OF REGENTS OF THE UNIVERSITY OF
OKLAHOMA,
2. MICHAEL J. SMITH, PHARM.D.,
3. GARY RASKOB, Ph.D.,
4. VALERIE WILLIAMS, Ph.D.,
5. LAURA STUEMKY, M.D.,
6. ASHLEY CHEYNEY, Ph.D.,
7. ANDREI BELOUSOV, Ph.D.,
8. KATHERINE O'NEAL, PHARM.D.,
9. LORI KLIMKOWSKI,

Defendants,

**PLAINTIFF'S MOTION TO ALTER JUDGEMENT ORDER DENYING**

**RECONSIDERATION OF ECF PERMISSIONS**

Martina Olupitan, (Plaintiff), believes changed circumstances exist based on the

Court's ruling of Denying of Reconsideration of ECF Permissions. In support, Plaintiff

shows as follows:

Pursuant to the Oklahoma Bar Association and/or OBA Standards of

Professionalism and Preamble: "*We judges and lawyers of the State of Oklahoma*

1

28

*recognize our responsibility to uphold the longstanding traditions of professionalism and civility within the legal system. The very nature of our adversary system of justice requires respect for the law, the public, the courts, administrative agencies, our clients and each other."*

## ARGUMENT AND AUTHORITY

**The Presiding Judge erred in finding that there was not a manifest of injustice in Plaintiff not having access to ECF.**

Although case laws do not entirely have to be the same when referenced or cited, Plaintiff references cases below.

A. <u>Analysis</u>

1. In a recent case, *Madden v. Elara Caring LLC,* filed in this district, Judge Goodwin regarding a Motion to Disqualify Counsel by a Party, this Court denied the Party's Motion to Disqualify; however, the Court stated that "*This ruling, however, is made on the present facts and without prejudice to a subsequent motion raising the same request if circumstances change or new facts are learned.*" [*Madden v. Elara Caring LLC,* No. CIV-19-1178-G (W.D. Okla. December 20, 2019)]. Plaintiff references in the matters of circumstances change or new facts learned. In Plaintiff (Olupitan's) case, however, Plaintiff does not believe there to be any acknowledgement in the Court's ruling of present facts that showed circumstances that have changed and/or new facts learned pertaining to the following, but rather a manifest of injustice in not having access to ECF permissions.

2

2. Pursuant to LCvR 83.4 Appearance of Counsel, "*In the event a party should change counsel or add counsel, the new or additional counsel for such party shall enter an appearance by signing and filing an entry of appearance on the form prescribed by the clerk of this court.*"

3. Furthermore, Defendants' acquisition of representation is required because "parties who are not natural persons may not appear pro se." LCvR 17.1; accord *Riveria Drilling & Expl. Co. v. Gunnison Energy Corp.,* 412 F. App'x 89, 91-92 (10th Cir. 2011); *U.S. Dep't of Lab. v. Mr. Cao's LLC,* No. 22-1165, 2024 WL 3567341, at *3 (D. Kan. Mar. 1, 2024).

4. Prior to January 31, 2025, Defendants appeared pro se through ECF [*Dkt. 45-3*] and [*Dkt. 45-4*], while subjecting Plaintiff to fraudulent misrepresentations, a violation of her constitutional rights and/or equal protection, and due process, when this information was withheld from Plaintiff by ECF filers. Eight Defendants seemed to elect to appear as Pro Se; absent securing new counsel prior to January 31, 2025. [*Smith v. Allbaugh,* No. CIV-19-470-G (W.D. Okla. May 24, 2019)]. The Court's lack of responsiveness to have acted pursuant to 28 U.S.C. § 1361 allowed prejudice and a manifest of injustice to Plaintiff through ECF, while Defendants although appearing Pro Se through ECF respectfully in their individual capacities are in default of judgment.

5. Pursuant to Fed. R. Civ. P. 55(a); *see Mr. Cao's,* 2024 WL 3567341, at *5; 10A *Federal Practice and Procedure* (*Wright and Miller*), *supra, § 2682 ("[A]n appearance does not immunize a defending party from being in default.");*

3

*Greentree Transp. Co. v. Speedy Heavy Hauling, Inc.,* No. 10-cv-02657, 2011 WL 583746, at *6 (D. Colo. Sept. 19, 2011) (R. & R.), *adopted in relevant part,* 2011 WL 5834714 (D. Colo. Nov. 17, 2011). Moreover, Rule 55(a) of the Federal Rules of Civil Procedure provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). "The fact that Rule 55(a) gives the clerk authority to enter a default is not a limitation on the power of the court to do so." *Mr. Cao's,* 2024 WL 3567341, at *4 (alteration and internal quotation marks omitted). Also see, *Hill v. CACH, LLC,* 17-cv-06102, 2017 WL 3705499, at *3 (W.D.N.Y. Aug. 28, 2017) ("[E]ntry of default is warranted, notwithstanding [the plaintiff's] failure to move for such relief.") [*Dkt. 17] and* [*Dkt. 18*].

6. The failure to participate or defend in this lawsuit has immobilized the matter as well as imposing indefinite delay and uncertainty regarding Plaintiff's rights.

7. The ECF filers reasonably had forehand knowledge of eight defendants appearing as Pro Se; after the allotted time to have answered the complaint in their individual capacities. Opposing Counsel and/or (Weitman) and (Ikpa) making an entry of appearance as to all defendants after January 31, 2025; while (Curtis, Weitman, and Ikpa) and/or Opposing Counsel submitted a false Certificate of Mailing in violation of Okla. Stat. 426 to the Court through ECF and later delaying in mailing [*Dkt. 46* – 1] to Plaintiff is indeed unlawful and prejudice in the administration of justice. See Okla. R. Prof. Conduct 8.4.

4

8. Pursuant to the Northern District of Oklahoma and/or LGnR3-2 Professional Conduct for Attorneys. "*Attorneys practicing in this Court are expected to conduct themselves in accordance with the Oklahoma Rules of Professional Conduct, as adopted by the Oklahoma Supreme Court, as the standard of conduct of all members of the Oklahoma Bar Association. See, Title 5 O.S.A. Ch.1, App. 3A. as set forth in the preamble: A lawyer's conduct should conform to the requirements of the law, both in professional service to clients and in the lawyer's business and personal affairs. A lawyer should use the law's procedures only for legitimate purposes and not to harass or intimidate others. A lawyer should demonstrate respect for the legal system and for those who serve it, including judges, other lawyers and public officials. While it is a lawyer's duty, when necessary, to challenge the rectitude of official action, it is also a lawyer's duty to uphold legal process. In this spirit, all lawyers should become familiar with their duties and obligations, as defined and classified generally in the Oklahoma Rules of Professional Conduct, any interpretive decisions, applicable statutes, and the usages, customs, and practices of the bar.*"

9. Although this case is in the Western District, Plaintiff believes the above rule would apply uniformly in the State of Oklahoma Courts.

10. Per the Court's statement in [*Dkt. 40*]. "Should Plaintiff encounter delays or difficulties due to use of paper filing, the Court will consider the issuance of relief as appropriate." However, the Court ignored clear evidence and denied appropriate relief including under Fed. R. Civ. P. 55(a).

5

11. Although, Plaintiff "is entitled to a paper copy of any electronically filed document." *Id. § II(B)(2)(a)* ("The filing party must provide non-registered parties with a copy of the document in accordance with the Federal Rules of Civil…Procedures."), *see also* Fed. R. Civ. P. 5(a)(1), (d)(1).

12. The continued denial of ECF permissions shows operating in bad faith, prejudice, and/or bias in the administration of justice and relayed the lack of confidence in the judicial system pursuant to 5 CFR § 2635. 101 through judicial complicity in misconduct and concealment through ECF when it ignored clear evidence of fraud and/or misrepresentations conducted by Opposing Counsel and/or Defendants (also were referred to as Pro Se, prior to January 31, 2025) not limited to [*Dkt. 45-3*] and [*Dkt. 45-4*] the denial of appropriate relief to Plaintiff [*Dkt. 40*] including under Fed. R. Civ. P. 55(a); while lulling Plaintiff into sitting on her rights.

**WHEREFORE,** Plaintiff respectfully requests the Court Alter Judgement.

Respectfully submitted,

*Mart Olupit*

Martina Olupitan, MHA    Pro Se

PO BOX 950742  OKC, OK  73195

Martina.olupitan@gmail.com

Dated: 4/2/2025

6

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **MARTINA O. OLUPITAN, MHA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-24-349-G** |
| | ) | |
| **STATE OF OKLAHOMA** *ex rel.* | ) | |
| **THE BOARD OF REGENTS OF THE** | ) | |
| **UNIVERSITY OF OKLAHOMA** | ) | |
| **et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## JUDGMENT

In accordance with the Court's Order issued April 1, 2025, this matter is

DISMISSED WITHOUT PREJUDICE.

ENTERED this 2nd day of April, 2025.

CHARLES B. GOODWIN
United States District Judge

34

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

MARTINA O. OLUPITAN, MHA,

       Plaintiff

Case No. CIV 5 – 24 –349 – G

Judge: Charles B. Goodwin

v.

1. STATE OF OKLAHOMA EX. REL. THE BOARD
OF REGENTS OF THE UNIVERSITY OF
OKLAHOMA,
2. MICHAEL J. SMITH, PHARM.D.,
3. GARY RASKOB, Ph.D.,
4. VALERIE WILLIAMS, Ph.D.,
5. LAURA STUEMKY, M.D.,
6. ASHLEY CHEYNEY, Ph.D.,
7. ANDREI BELOUSOV, Ph.D.,
8. KATHERINE O'NEAL, PHARM.D.,
9. LORI KLIMKOWSKI,

**FILED**

APR 07 2025

JOAN KANE, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA
BY _____, DEPUTY

     Defendants,

**PLAINTIFF'S MOTION TO ALTER JUDGMENT ORDER DISMISSAL**

**WITHOUT PREJUDICE, AND TO EXERCISE SUPPLEMENTAL**

**JURISDICTION OVER STATE-LAW CLAIMS**

Martina Olupitan, (Plaintiff), brings this Motion pursuant to Fed. Rule of Civil

Procedure 59(e); for clear error, biased, abuse of discretion, and a manifest of injustice

in the Court's ruling [*Dkt. 49*]:

1

# ARGUMENT AND AUTHORITY

**The Presiding Judge erred in ruling on a Motion to Dismiss; moreover, in factoring Defendant Raskob and Williams' entitlement to Qualified Immunity.**

A. <u>Analysis</u>

1. In the Court's ruling [*Dkt.* 49]; "Plaintiff's allegations reflect that, relevant to her appeal of the grade assigned her by Defendant Cheyney, Plaintiff was provided notice, a hearing, and a right of second level review. While Plaintiff disputes the result of these proceedings and alleges procedural deficiencies that she believes caused an erroneous result, the Court finds that the deficiencies Plaintiff points to are not sufficient to plausibly show that the decision to dismiss Plaintiff was less than careful and deliberate. See Trotter, 219 F.3d at 1185 ("The number of appeals and review hearings afforded [the student] convince[s] us that the [school's] decision was careful and deliberate."). Specifically, Defendant Williams' alleged hearing-related actions, even accepted as deviations from the required university procedure, do not plausibly reflect the type of less than careful and deliberate decision that would have been clearly established as amounting to a denial of Plaintiff's due process rights. See id. And Defendant Raskob's affirmance of the hearing panel's decision, even accepted as done with knowledge of the alleged deviations from the required university procedure, likewise does not plausibly reflect the type of less than careful and deliberate decision that would have been clearly established as amounting to a denial of Plaintiff's due process rights. See Rossi, 2022 WL

2

1421957, at *9 ("It was not clearly established that an administrative appeals process fails to produce a careful and deliberate decision just because it may not have involved de novo review of all aspects of an academic determination that is alleged to have been based on nonacademic factors."). Accordingly, Defendants Raskob and Williams are entitled to qualified immunity on Plaintiff's § 1983 procedural due process claim. That claim shall be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).[7]" [*Dkt. 49 pages 16 – 17 of 19*].

2. Plaintiff believes the Court granted in part and denied in part some based on [*Dkt. 49*]; as such, the Court denied Defendant Raskob and Williams' entitlement to Absolute Immunity [*Dkt. 49 pages 6 – 9 of 19*]. The Court denied the assertion that Defendants had not personally participated [*Dkt. 49 pages 11 – 13 of 19*]. Although the Court did grant Defendant Raskob and Williams' right to qualified immunity and the notion that Plaintiff's rights were not clearly established, Plaintiff discredited the Defendants' notions of qualified immunity and violation of a clearly established right in her pleading; while the Court agreed that the Defendants did personally participate [*Dkt. 49 pages 11 – 13 of 19*] in which subjected the Plaintiff to confusion, especially when the Court's order did not specifically reflect a grant and denied in part, but rather a dismissed without prejudice.

3. In Plaintiff (Olupitan's) case the Court erred when it grouped a dismissal as a whole; instead of individually and/or in part, in seeing the Court listed every individual at the start of his writing order [*Dkt. 49*]; but at the closing of his

3

order the Court stated, "For the foregoing reasons, Defendants' Motion to Dismiss (Doc. No. 25) is GRANTED. Plaintiff's Complaint (Doc. No. 1) is DISMISSED WITHOUT PREJUDICE. Specifically, Plaintiff's federal claim is dismissed for failure to state a claim upon which relief can be granted. The Court declines to exercise supplemental jurisdiction over Plaintiff's state-law claims." The Court further pointed to other rulings and had stated "A separate judgment shall be entered."

4. In a recent case, *Patterson v. Board of Regents of the University of Oklahoma et al,* filed in this district, Senior Judge Russell regarding a Motion to Dismiss by Defendants, this Court in his order granted in part and denied in part while uniformly listing Defendants as to whom was granted or denied dismissal. *See;* [*Patterson v. Board of Regents of the University of Oklahoma et al, No. CIV-20-355-R (W.D. Okla. April 16, 2020)*] and [*Dkt.22*].

5. In Plaintiff (Olupitan's) case, she provided the OU policies and procedures [*Dkt. 1*], higher courts decisions on point, and the weight of authority from other courts; see [*Dkt. 34*]. "In showing that defendants violated a statutory and/or constitutional right, a plaintiff has the burden to demonstrate that the complaint showed violation. *Schwartz v. Booker*, 702 F.3d 573, 579 (10th Cir. 2012). This analysis is similar to the Court's general analysis under Rule 12(b)(6) where the Court must determine whether the plaintiff has stated a claim upon which relief can be granted. To show that a law is "clearly established," a plaintiff must identify precedent that places the "constitutional question beyond debate."

4

Yeasin v. Durham, 719 F. App'x 844, 850 (10th Cir. 2018) (quoting *Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015)).

6.  The relevant precedent was specific to the facts of this case, making it clear that any reasonable official would have known that the defendant's actions would violate plaintiff's rights. Also, see; *Reichle v. Howards*, 566 U.S. 658, 664 (2012).

7.  While substantive due process protects an individual's property or liberty interests for certain reasons, procedural due process requires a state to employ fair procedures when depriving one of that interest. *Reid v. Paulter*, 36 F.Supp.3d 1067, 1136 (D.N.M. 2014) citing Lewis, 523 U.S. at 845–6. "A university can satisfy its procedural due process obligations "if the student is given prior notice of the deficiencies in his academic performance and if the challenged decision is 'careful and deliberate.'" *Board of Curators v. Univ. of Missouri v. Horowitz*, 435 U.S. 78, 85 (1978); see also *Trotter v. Regents of Univ. of N. Mex.*, 219 F.3d 1179, 1184–85 (10th Cir. 2000).

8.  In Plaintiff (Olupitan's) case the Defendants did not satisfy its procedural due process obligations when the Defendants did not employ fair procedures when depriving Plaintiff of her property interest, as Plaintiff listed and showed in her complaint along with supporting documentation [Dkt. 1] and [*Dkt. 1 Complaint, at ¶¶ 70 – 71*]. The OU Policies and Procedures [*Dkt. 1*] and [*Dkt. 1 -12*] was unconstitutionally vague and authorized discriminatory enforcement when violating Plaintiff's constitutional rights; see [*Dkt. 1 Complaint, at ¶¶ 71*] and

5

[*Dkt. 1 Complaint, at* ¶¶ *76 - 78*]. Plaintiff was not given prior notice [*Dkt. 1*]. Plaintiff's transcript which is a federal document is defamed [Dkt. 1]. The dismissal was not motivated by academic performance, but rather the violation of Plaintiff's constitutional rights. [*Dkt. 1*], [*Dkt. 1 – 5*], [*Dkt. 1 – 10*], [*Dkt. 1 – 13*], and [*Dkt. 1 – 28*].

9. Defendant OU was not immune from federal court, when permitting fraud on a federal document in the allowing of Defendants to defame Plaintiff's OU transcript to justify retaining federal funds through misrepresentations [*Dkt. 1 – 29*], and [*Dkt. 1 – 32*]; while inappropriately handling federal funds [*Dkt. 49*]. "In determining the measure of remedial relief, the court must bear in mind that '[t]he most elementary conceptions of justice and public policy require that the wrongdoer shall bear the risk of the uncertainty which his own wrong has created.'" *Markham v. Nat. States Ins. Co*, No. CIV-02-1606-F, 2004 WL 3019309, at *2 (W.D. Okla. Dec. 27, 2004) (alteration in original) (quoting *FTC v. Kuykendall*, 371 F .3d 745. 765 (10th Cir. 2004)).

10. Defendant Williams willfully infringed on Plaintiff's rights [*Dkt. 1 Complaint, at* ¶¶ *163 - 173*]; as Williams reasonably knew Plaintiff's rights. Furthermore, Defendant Williams did not have immunity when Defendant Williams was complicit in fraud, through Defendant OU's inappropriate handling of federal funds; breach of contract, therefore Defendant Williams was not entitled to qualified immunity; [*Dkt. 1*]. Defendant Williams failed to show reasonable cause upon William's judicial complicity in misconduct and concealment in

6

suppressing information to Plaintiff until after the deadline of appeal, but rather to delay due process because Plaintiff engaged in what should have been protected and kept confidential. [*Dkt. 1* Complaint, at ¶¶ *76 –77*] and [*Dkt. 1 Complaint, at ¶¶ 163 – 173*].

11. Raskob was not entitled to qualified immunity based upon Raskob's judicial complicity in misconduct and concealment in his willfulness of the denial of Plaintiff's rights that were clearly established. Defendant Raskob in his role as Senior Vice President and Provost reasonably knew and had fair warning that the deliberate or reckless inability to uphold the due process laws for all is a constitutional violation. [*Dkt. 1 Complaint, at ¶¶ 163 – 173*] and [*Dkt. 34*].

12. In a recent case, *Mirll v. State of Oklahoma ex rel. University of Central Oklahoma et al,* filed in this district, Judge Goodwin regarding a Motion to Dismiss by Defendants, this Court in his order granted in part and denied in part; while applying the law appropriately and without an abuse of discretion as a § 1983 claim under violations of the First Amendment. The Court's order stated, "As outlined herein, the Motions to Dismiss (Doc. Nos. 8, 14) are GRANTED IN PART and DENIED IN PART.  Plaintiff's § 1983 claims for violation of the First Amendment shall proceed. Plaintiff's conspiracy claims are dismissed without prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendants' Motion to Strike (Doc. No. 25) is DENIED AS MOOT." *See* [*Dkt. 27*]. Also *see*; [*Mirll v. State of Oklahoma ex rel. University of Central Oklahoma et al*, No. CIV-19-1143-G (W.D. Okla. December 10, 2019)].

13. The Court's ruling when it came to Plaintiff (Olupitan) appeared to be biased, clear error, and misapplication of law in not applying law clearly and/or exercising fairness in case laws; when it considered the Fourteenth Amendment claim to have been separate from the § 1983 claim, although the 1983 claim was for violation of the Fourteenth Amendment; yet did not show in his order of a grant in part and denied in part in his dismissed without prejudice ruling as the Court applied law of a grant in part and denied in part in his order for; *Mirll v. State of Oklahoma ex rel. University of Central Oklahoma et al*, while comparing Plaintiff (Olupitan's) case of a violation of an Amendment of the United States Constitution by way of 1983 claim [*Dkt. 49*]. Also see; [*Mirll v. State of Oklahoma ex rel. University of Central Oklahoma et al*, No. CIV-19-1143-G (W.D. Okla. December 10, 2019)].

14. Furthermore, the Court stated in his ruling for; *Mirll v. State of Oklahoma ex rel. University of Central Oklahoma et al*, "Defendants' assertion of qualified immunity rests upon their contentions of inadequate pleading addressed above. *See* Def. Cerda Mot. 8-9. But as noted above, "the facts that [Plaintiff] has alleged" do "make out a violation of a constitutional right." *Keith*, 707 F .3d at 1188 (internal quotation marks omitted). Further, from the wide range of authorities cited above it is clear that these First Amendment rights were clearly established at the time of Plaintiff's termination in December 2017. *See supra;* Am. Compl. ¶¶ 8, 20, 23; *see also Prager v. LaFaver*, 180 F .3d 1185, 1192 (10th Cir. 1999) (finding that prior decisions "clearly established that an employee's

8

strong interest in disclosing governmental corruption outweighs unsubstantiated assertions of workplace disruption and put [the defendant] on notice that the conduct alleged in [the plaintiff's] complaint [of suspension and termination of employment] would violate the law"). Dismissal of these claims is not warranted on this basis. *See generally* James W. Moore, 2 *Moore's Federal Practice* § 12.34[4][b] (3d ed. 2019) (noting that establishment of the defense of qualified immunity ordinarily requires factual review and should not support dismissal for failure to state a claim).)". Also see; [*Mirll v. State of Oklahoma ex rel. University of Central Oklahoma et al*, No. CIV-19-1143-G (W.D. Okla. December 10, 2019)].

15. In Plaintiff (Olupitan's) case; Plaintiff supplied facts, documentation, authorities including the OU policies and procedures that not only did Plaintiff refer to and recite to Defendants, but Defendants recited in its communications with Plaintiff [*Dkt. 1*]; therefore, the Court based on the facts and evidence reasonably had to have known that "In resolving a motion to dismiss based on qualified immunity, the court considers (1) whether the facts that a plaintiff has alleged make out a violation of a constitutional right, and (2) whether the right at issue was clearly established at the time of defendant's alleged misconduct." *Keith v. Koerner*, 707 F .3d 1185, 1188 (10th Cir. 2013) (internal quotation marks omitted); *see Robbins*, 519 F .3d at 1249.).

16. In *Mahanoy Area School District v. B.L.*, "B.L. sued the school under 42 U.S.C. § 1983 alleging (1) that her suspension from the team violated the First

9

Amendment; (2) that the school and team rules were overbroad and viewpoint

discriminatory; and (3) that those rules were unconstitutionally vague. The

district court granted summary judgment in B.L.'s favor, ruling that the school

had violated her First Amendment rights. The U.S. Court of Appeals for the

Third Circuit affirmed." [*Mahanoy Area School District v. B.L., 141 S. Ct. 2038

(2021)*]. Also see; *Mahanoy, 141 S. Ct. at 2046*, such, there is nothing in the

alleged circumstances to take Plaintiff's case outside the long-established

principle that a state actor cannot retaliate against someone just because they

disagree with them, see; *Mahanoy, 141 S. Ct. at 2046*. [*Mahanoy, 141 S. Ct. at

2046*]. Also see; *West Virginia St. Bd. of Educ. v. Barnette, 319 U.S. 624, 642

(1943)*.

17. The fundamental principle was sufficiently established and obvious that a

university official should have known it. Defendant Raskob and Defendant

Williams serving as judges reasonably knew the laws that they were to serve and

protect and apply OU policies and procedures equitable [*Dkt. 1*]. The Court

erred in applying law regarding qualified immunity.

18. The Court erred when it clearly ignored evidence that Plaintiff's complaint

along with supporting evidence made out a violation of a constitutional right and

the right was clearly established before, at time of misconduct the issue was

clearly established as to the defendants' alleged misconduct, and thereafter. *See;*

[*Dkt. 1*] and [*Dkt. 34*].

**The Presiding Judge erred in ruling on a Motion to Dismiss; moreover, in factoring OU waived its right to Eleventh Amendment Immunity.**

19. In Defendants' [*Dkt. 25*] and Plaintiff's [*Dkt. 1*] and [*Dkt. 34*] pleadings; the Judge had the obligation to speak on if OU had waived its right to Eleventh Amendment Immunity; in which Defendant OU raises this claim for breach-of-contract claims; however; in Plaintiff (Olupitan's) case; it seemed as if the ruling was to shield Defendant OU from litigation. Also see; *Patterson v. Board of Regents of the University of Oklahoma et al*, No. CIV-20-355-R (W.D. Okla. April 16, 2020) and *Patterson v. Board of Regents of the University of Oklahoma et al*; [*Dkt. 22 page 5 of 24*].

20. In considering Defendants' Motions to Dismiss under Rule 12(b)(6), the Court must determine whether Plaintiff has stated a claim upon which relief may be granted. The motion is properly granted when the Complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Plaintiff's Complaint must contain enough "facts to state a claim to relief that is plausible on its face," id. at 570, and the factual allegations "must be enough to raise a right to relief above the speculative level." Id. at 555 (citations omitted). The Court must accept all the well-pleaded allegations of the Complaint as true and must construe the allegations in the light most favorable to Plaintiff. Twombly, 550 U.S. at 555; Alvarado v. KOB–TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007).

11

21. In Plaintiff (Olupitan's) case, the Plaintiff satisfied this burden in her pleading. Plaintiff asserted that she entered into contracts with the University wherein the University waived its immunity from suit, Plaintiff provided the Court with specific state and federal contracts and/or contractual provision, not limited to a provision that waived the University's immunity including authorities. The University was therefore not protected from suit by their sovereign immunity and Olupitan's claim against it should not have been dismissed. See [*Dkt. 1*] and [*Dkt. 34*].

22. Although, the Court [*Dkt. 49*] acknowledged that Plaintiff in her pleadings stated that OU breached contract by inappropriately handling federal funds related to Plaintiff's tuition [*Dkt. 1*], and [*Dkt. 34*]; the Court erred when not acting pursuant to 28 U.S.C. § 1361; in seeing these federal funds were through the Department of Education; which is a cabinet level agency of the United States Government, and Defendants failed to return. [*Dkt. 1*]. In *Hazel-Atlas Glass Co. v. Hartford-Empire Co*, the Supreme Court's opinion stated, "The public welfare demands that the agencies of public justice be not so impotent that they must always be mute and helpless victims of deception and fraud." See; *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944).

**The Presiding Judge erred in declining to exercise supplemental jurisdiction over Plaintiff's state-law claims.**

23. The Court stated, "When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims." [*Dkt. 49*].

24. Plaintiff respectfully disagrees; see the Court's [*Dkt. 49 pages 6 – 9 of 19*] and [*Dkt. 49 pages 11 – 13 of 19*].

25. Also, pursuant to *28 U.S.C. 1367*, "[T]he federal courts' original jurisdiction over federal questions carries with its jurisdiction over state law claims that derive from a common nucleus of operative fact, such that the relationship between the federal claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional case." (*See 28 U.S.C. 1367(a)*). [*Dkt. 1*] and [*Dkt. 34*].

**The Presiding Judge erred in ruling on the claim that Plaintiff wanted to bring additional allegations to the request for amendment.**

26. Plaintiff would not have known the Court's ruling [*Dkt.49*] beforehand and if the Court considered the false affidavit provided by Defendants by and through their attorney(s) to be noticed; [*Dkt. 25-3*] for a Motion to Dismiss under Rule 12(b)5, which was contrary to [*Dkt. 19*].

27. The Court's abuse of discretion was not reasonable of Plaintiff's right to amend especially in seeing that in Plaintiff (Olupitan's) case, the request for amending was mostly based on Defendants and their attorney(s) to be noticed fraudulently lulled Plaintiff into sitting on her rights and the Defendants by and through their attorney(s) to be noticed attempt to use Rule 12(b)5 along with their false

13

affidavit [*Dkt. 25-3*]; however, the Court in his ruling was based on Rule 12(b)6. [*Dkt. 49*].

28. In reference to the right to amend, see [*Smith v. Allbaugh No. CIV -19-470-G (W.D. Okla. May 24, 2019)*], and [*Patterson v. Board of Regents of the University of Oklahoma et al, No. CIV-20-355-R (W.D. Okla. April 16, 2020)*].

29. The ruling coming on April 1st comes as no surprise; as to the illusion of the administration of justice to all.

30. The Court's ruling [*Dkt. 49*] is in clear error, biased, abuse of discretion, and a manifest of injustice, which is contrary to a fair administration of justice in the judicial system.

**WHEREFORE,** Plaintiff respectfully requests the Court Alter Judgment.

Respectfully submitted,

Martina Olupitan, MHA        Pro Se

PO BOX 950742   OKC, OK   73195

Martina.olupitan@gmail.com

Dated: 4/7/2025

Luke18

14

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF OKLAHOMA

MARTINA O. OLUPITAN, MHA,

       Plaintiff

v.

1. STATE OF OKLAHOMA EX. REL. THE BOARD
OF REGENTS OF THE UNIVERSITY OF
OKLAHOMA,
2. MICHAEL J. SMITH, PHARM.D.,
3. GARY RASKOB, Ph.D.,
4. VALERIE WILLIAMS, Ph.D.,
5. LAURA STUEMKY, M.D.,
6. ASHLEY CHEYNEY, Ph.D.,
7. ANDREI BELOUSOV, Ph.D.,
8. KATHERINE O'NEAL, PHARM.D.,
9. LORI KLIMKOWSKI,

    Defendants,

**FILED**

APR 14 2025

JOAN KANE, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY_____, DEPUTY

Case No. CIV 5 – 24 –349 – G

Judge: Charles B. Goodwin

**FILED**

APR 14 2025

JOAN KANE, CLERK
U.S. DIST. COURT WESTERN DIST OKLA.
BY_____, DEPUTY

## PLAINTIFF'S NOTICE OF INTENT TO APPEAL

[Dkt. 49] + [ Dkt. 51 ]

COMES NOW, Martina Olupitan, (Plaintiff), pursuant to Federal Rule of
Appellate Procedure 3; U.S.A. 1776 Constitution; enters this Notice of Intent to Appeal
to the United States Court of Appeals for the Tenth Circuit for the Court's order [Dkt.
49] entered on the 1st day of April 2025.

1

In response to the Court's order's; Plaintiff has filed a Motion to Alter Judgment; no ruling as of yet.

## I.      CONSTITUTIONAL VIOLATIONS WARRANTING APPEAL

1.   Violation of the First Amendment (Right to Petition the Government for Redress of Grievances).

2.  Violation of the Fourteenth Amendment (Due Process and Equal Protection), provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws." The Fourteenth Amendment guarantees that no person shall be "deprived of life, liberty, or property, without due process of law." This includes the right to a fair hearing, the right to responsiveness without bias, prejudice and/or unnecessary delays, and the right to prior notice of eight defendants electing to be listed as Pro Se (self-representation) in federal court through ECF prior to January 31, 2025. [*Smith v. Allbaugh,* No. CIV -19-470-G (W.D. Okla. May 24, 2019*)*].

3.  After Plaintiff requested ECF permissions [*Dkt. 38*] and later denied [*Dkt. 40*], Plaintiff was mocked by the allowing of eight individual defendants to appear pro se; self-representation through ECF in secrecy, while evading litigation and having to show reasonable cause for concealment through ECF and/or fraudulent misrepresentation. [*Dkt. 45-3*] and [*Dkt. 45-4*]. All in which taints the administration of justice and compromises the integrity of the judicial system.

4.  Interference with justice; Plaintiff's mailing was intentionally delayed, while fraudulently lulling Plaintiff to sit on her rights, and to subject Plaintiff to

2

misrepresentations. "Mistakes, neglect, or misconduct are not to be regarded as accidents." [*Citizen Nat. Bank v. Cincinnati,* 19 Ohio Dec. 685, 687]. See; [*Dkt. 8 page 27 of 102*]. The mischaracterization of Plaintiff's name violates fundamental legal principles, while risk of returned mail by way of incorrect addressee. "Names are the foundation of justice." (Black's Law Dictionary, 5th Edition). A false certificate of mailing was mailed to Plaintiff by opposing counsel, while misrepresentation by opposing counsel upon the Court intentionally delayed legal proceedings. [*Dkt. 25 -3*], [*Dkt. 41 - 3*], [*Dkt. 42 - 3*], [*Dkt. 43 - 2*], [*Dkt. 44 - 2*], and [*Dkt. 46 -1*]. Also see; *Civil Justice Reform Act (CJRA) of 1990.* [*Andrade v. Farmers Union Hospital Association,* No. CIV-24-1337-J (W.D. Okla. December 20, 2024)*]*.

5. Defendant OU was aware of the misconduct [*Dkt. 1*] and [*Dkt. 8 pages 4-5 of 102*] placed on notice, while unduly delaying litigation after permitting settlement to release all claims. [*Roth v. Doe, No. CIV-19-903-G (W.D. Okla. September 27, 2019)*] and [*Mahanoy Area School District v. B.L., 141 S. Ct. 2038 (2021)*].

## II.    MANIFEST OF INJUSTICE WARRANTING APPEAL

6. Although the Plaintiff in her pleadings cited evidence, authorities, and case laws, the Court's ruling was a manifest of injustice and abuse of discretion. [*Roth v. Doe, No. CIV-19-903-G (W.D. Okla. September 27, 2019)*], [*Patterson v. Board of Regents of the University of Oklahoma et al,* No. CIV-20-355-R (W.D. Okla. April 16, 2020)*]*, [*Mirll v. State of Oklahoma ex rel. University of Central*

3

*Oklahoma et al*, No. CIV-19-1143-G (W.D. Okla. December 10, 2019)],

[*Mahanoy*, 141 S. Ct. at 2046], and (28 U.S.C. § 453).

7.   The  Court denied Defendant Raskob and Williams' right to Absolute Immunity [*Dkt. 49 pages 6 – 9 of 19*]. The Court denied the assertion that Defendants had not personally participated [*Dkt. 49 pages 11 – 13 of 19*].

8.   Defendant Williams failed to show reasonable cause upon William's judicial complicity in misconduct and concealment in suppressing information to Plaintiff until after the deadline of appeal, but rather to delay due process because Plaintiff engaged in what should have been protected and kept confidential. [*Dkt. 1 Complaint, at ¶¶ 76 –77*] and [*Dkt. 1 Complaint, at ¶¶ 163 – 173*].

9.    Defendant Raskob was not entitled to qualified immunity based upon Raskob's judicial complicity in misconduct and concealment in his willfulness of the denial of Plaintiff's rights that were clearly established. [*Dkt. 1 Complaint, at ¶¶ 163 – 173*] and [*Dkt. 34*].

10.  The Defendants were put on notice of their misconduct prior to litigation. [*Dkt. 1*]. *Mirll v. State of Oklahoma ex rel. University of Central Oklahoma et al,* "Defendants' assertion of qualified immunity rests upon their contentions of inadequate pleading addressed above. *See* Def. Cerda Mot. 8-9. But as noted above, "the facts that [Plaintiff] has alleged" do "make out a violation of a constitutional right." *Keith*, 707 F .3d at 1188 (internal quotation marks omitted). Further, from the wide range of authorities cited above it is clear that these First Amendment rights were clearly established at the time of Plaintiff's termination

4

in December 2017. *See supra;* Am. Compl. ¶¶ 8, 20, 23; *see also Prager v. LaFaver*, 180 F .3d 1185, 1192 (10th Cir. 1999) (finding that prior decisions "clearly established that an employee's strong interest in disclosing governmental corruption outweighs unsubstantiated assertions of workplace disruption and put [the defendant] on notice that the conduct alleged in [the plaintiff's] complaint [of suspension and termination of employment] would violate the law"). Dismissal of these claims is not warranted on this basis. *See generally* James W. Moore, 2 *Moore's Federal Practice* § 12.34[4][b] (3d ed. 2019) (noting that establishment of the defense of qualified immunity ordinarily requires factual review and should not support dismissal for failure to state a claim).)" See; [*Mirll v. State of Oklahoma ex rel. University of Central Oklahoma et al*, No. CIV-19-1143-G (W.D. Okla. December 10, 2019)], [*Reichle v. Howards*, 566 U.S. 658, 664 (2012)], [*Mahanoy*, 141 S. Ct. at 2046], and (See 28 U.S.C. 1367(a)).

Respectfully submitted,

Martina Olupitan, MHA        Pro Se

PO BOX 950742   OKC, OK   73195

Martina.olupitan@gmail.com

Dated: 4/14/2025

5

53