UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **MARTINA O. OLUPITAN, MHA,** | ) |
| **Plaintiff,** | ) |
| v. | ) Case No. CIV-24-349-G |
| **STATE OF OKLAHOMA** *ex rel.* **THE BOARD OF REGENTS OF THE UNIVERSITY OF OKLAHOMA** et al., | ) |
| **Defendants.** | ) |

### ORDER

Now before the Court is Plaintiff Martina O. Olupitan's Rule 60(b)(3) Motion for Relief (Doc. No. 63). Defendants[1] have responded in opposition (Doc. No. 64) and Plaintiff has replied (Doc. No. 66).

*I.    Background*

Plaintiff, appearing pro se, commenced this action in April 2024, bringing federal and state-law claims against nine defendants. *See* Compl. (Doc. No. 1). Defendants moved to dismiss Plaintiff's claims. *See* Doc. No. 25. On July 5, 2024, Plaintiff filed a Motion to Disqualify (Doc. No. 21) seeking to have certain of the defendants' counsel disqualified and removed from the case. Following briefing, the Court denied Plaintiff's request. *See Olupitan v. Okla. ex rel. Bd. of Regents of Univ. of Okla.*, No. CIV-24-349-G, 2025 WL

---

[1] Defendants are: State of Oklahoma *ex rel.* The Board of Regents of the University of Oklahoma; Michael J. Smith, PharmD; Gary Raskob, PhD; Valerie Williams, PhD; Laura Stuemky, MD; Ashley Cheyney, PhD; Andrei Belousov, PhD; Katherine O'Neal, PharmD; and Lori Klimkowski.

978167 (W.D. Okla. Mar. 31, 2025). The Court thereafter granted Defendants' motion to dismiss as to Plaintiff's federal claims, declined to exercise supplemental jurisdiction over Plaintiff's state-law claims, and dismissed this matter without prejudice. *See* Order of Apr. 1, 2025 (Doc. No. 49); J. (Doc. No. 51).

II.     *Discussion*

Plaintiff's Motion seeks relief from the Court's denial of her Motion to Disqualify pursuant to Rule 60(b)(3) of the Federal Rules of Civil Procedure.

"Rule 60(b) allows a court to 'relieve a party or its legal representative from a final judgment, order, or proceeding,' for certain enumerated reasons." *Waetzig v. Halliburton Energy Servs., Inc.*, 145 F.4th 1279, 1282 (10th Cir. 2025) (quoting Fed. R. Civ. P. 60(b)). "[R]elief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances." *Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1242 (10th Cir. 2006) (internal quotation marks omitted).

Rule 60(b)(3) authorizes relief from a final judgment or order "for . . . fraud . . . , misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). A party relying on Rule 60(b)(3) "must, by adequate proof," "show clear and convincing proof of fraud, misrepresentation, or misconduct." *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1290 (10th Cir. 2005) (internal quotation marks omitted). "Moreover, the challenged behavior must *substantially* have interfered with the aggrieved party's ability fully and fairly to prepare for and proceed at trial." *Id.* (internal quotation marks omitted).

As support for her request, Plaintiff alleges that Defendants' counsel engaged in "repeat unlawful misconduct" with respect to counsel's dealings with Plaintiff both prior

2

to and during this litigation. Pl.'s R. 60(b)(3) Mot. Relief at 2-12; *see also* Pl.'s Reply at 2-5.

The alleged improper acts cited by Plaintiff as fraud between the parties, however, were already largely considered by the Court and rejected as a basis to disqualify Defendants' counsel. *See Olupitan*, 2025 WL 978167, at *2-4; *see also* 11 *Federal Practice and Procedure (Wright & Miller)* § 2860 (3d ed.) (explaining that a Rule 60(b)(3) motion "will be denied if it is merely an attempt to relitigate the case"). Further, even liberally construed, Plaintiff fails to provide clear and convincing evidence that any such acts by Defendants constitute fraud on the Court or "show[] a defilement of the judicial process" such that "the judicial machinery c[ould] not perform in the usual manner its impartial task of adjudging cases that are presented for adjudication." *Wilkin v. Sunbeam Corp.*, 466 F.2d 714, 717 (10th Cir. 1972) (alteration and internal quotation marks omitted). Rule 60(b)(3) "is aimed at judgments which were unfairly obtained, not at those which are factually incorrect." *Zurich N. Am.*, 426 F.3d at 1290 (internal quotation marks omitted).

For all these reasons, Plaintiff has not met her burden to establish the requisite fraud, misrepresentation, or misconduct by Defendants to be entitled to relief under Federal Rule of Civil Procedure 60(b)(3).

## CONCLUSION

As outlined herein, Plaintiff's Rule 60(b)(3) Motion for Relief (Doc. No. 63) is DENIED.

Plaintiff's previous motion (Doc. No. 61) and Motion for Immediate Judicial Action (Doc. Nos. 73) are DENIED AS MOOT.

IT IS SO ORDERED this 26th day of February, 2026.

*[signature: Charles B. Goodwin]*
CHARLES B. GOODWIN
United States District Judge