**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **MARTINA O. OLUPITAN, MHA,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**STATE OF OKLAHOMA *ex rel.* THE BOARD OF REGENTS OF THE UNIVERSITY OF OKLAHOMA et al.,**<br><br>**Defendants.** | ) | **Case No. CIV-24-349-G** |

**ORDER**

Now before the Court is Plaintiff Martina O. Olupitan, MHA's "Objection to the Courts Order [Dkt. 76]" (Doc. No. 81). Defendants[1] have responded (Doc. No. 100) and Plaintiff has replied (Doc. No. 103).

*I. Background*

Plaintiff, appearing pro se, commenced this action in April 2024, bringing federal and state-law claims against nine defendants. *See* Compl. (Doc. No. 1). Defendants moved to dismiss Plaintiff's claims. *See* Defs.' Mot. to Dismiss (Doc. No. 25). On April 1, 2025, following briefing on the Motion, the Court granted Defendants' Motion to Dismiss as to Plaintiff's federal claims and declined to exercise supplemental jurisdiction over Plaintiff's state-law claims. *See Olupitan v. Okla. ex rel. Bd. of Regents of Univ. of Okla.*, No. CIV-

[1] Defendants are: State of Oklahoma *ex rel.* The Board of Regents of the University of Oklahoma; Michael J. Smith, PharmD; Gary Raskob, PhD; Valerie Williams, PhD; Laura Stuemky, MD; Ashley Cheyney, PhD; Andrei Belousov, PhD; Katherine O'Neal, PharmD; and Lori Klimkowski.

24-349-G, 2025 WL 980949, at *7 (W.D. Okla. Apr. 1, 2025), *appeal docketed*, No. 25-6055 (10th Cir. Apr. 14, 2025). The Court entered Judgment dismissing this matter without prejudice the following day. *See* J. (Doc. No. 51).

On April 7, 2025, Plaintiff filed a Motion to Alter Judgment (Doc. No. 52), asking the Court to reconsider the Judgment of dismissal. Following briefing, the Court denied Plaintiff's Motion, finding that Plaintiff had not shown that the Court's entry of judgment constituted clear error or manifest injustice. *See* Order of Feb. 26, 2026 (the "Rule 59(e) Order") (Doc. No. 76) at 3-6 (citing Fed. R. Civ. P. 59(e)).

*II. Plaintiff's Objection*

Liberally construed, Plaintiff's Objection seeks reconsideration of the Rule 59(e) Order, which itself denied reconsideration of the Judgment, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. "Rule 60(b) allows a court to 'relieve a party or its legal representative from a final judgment, order, or proceeding,' for certain enumerated reasons." *Waetzig v. Halliburton Energy Servs., Inc.*, 145 F.4th 1279, 1282 (10th Cir. 2025) (quoting Fed. R. Civ. P. 60(b)).

As relevant here, the Rule prescribes: "On motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for" "any . . . reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Relief under Rule 60(b)(6) is "difficult to attain," "extraordinary," and "may only be granted in exceptional circumstances." *Davis v. Kan. Dep't of Corr.*, 507 F.3d 1246, 1248 (10th Cir. 2007) (internal quotation marks omitted); *see also Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 580 (10th Cir. 1996) (explaining that relief under Rule 60(b)(6) is appropriate "when circumstances are so unusual or

compelling that extraordinary relief is warranted" "or when it offends justice to deny such relief" (internal quotation marks omitted)).

In her Objection, Plaintiff argues that she was subjected to "continuing prejudice" based upon her "ethnic group and pro se status." Pl.'s Obj. at 2-9. Specifically, Plaintiff alleges that the Court in this matter has "not take[n] action and/or recognize[d] municipal liability as [it] has for other litigants," instead "continu[ing] to allow a manifest of injustice in prejudicing [its] rulings and exercising discriminatory conduct as to recent case laws filed and/or applied in the Western District of Oklahoma." *Id.* at 5.

As support, Plaintiff cites to other cases in this Court, relying upon the content and timing of rulings in various lawsuits to show that she has been subjected to unfavorable decisions and delays "without reasonable cause." *Id.*; *see id.* at 2-4, 5-7. Proceedings in other cases, none of which are factually related to this matter, do not reasonably identify any "exceptional circumstances" or offense to justice with respect to the Court's Rule 59(e) Order, however. Nor does the fact that the Court granted Defendants' request to stay Plaintiff's motion for summary judgment pending disposition of Defendants' motion to dismiss. *See* Pl.'s Obj. at 7-9; Order of July 23, 2024 (Doc. No. 31).

To the extent that Plaintiff now objects that the undersigned should have recused himself from this matter, or should do so now, the Court rejects this contention. "Any . . . judge . . . of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Accordingly, "a judge has a continuing duty to recuse before, during, or, in some circumstances, after a proceeding, if the judge concludes that sufficient factual grounds exist to cause an objective

observer reasonably to question the judge's impartiality." *United States v. Cooley*, 1 F.3d 985, 992 (10th Cir. 1993). "The test . . . is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." *Id.* at 993 (internal quotation marks omitted). "The standard is purely objective." *Id.* Matters that "will not ordinarily satisfy the requirements for disqualification under § 455(a)" include "[r]umor, speculation, beliefs, conclusions, innuendo, suspicion, opinion, and similar non-factual matters," and "prior rulings in the proceeding, or another proceeding, solely because they were adverse." *Id.* at 993-94.

Plaintiff's emphasis on unrelated or unfavorable rulings does not establish a factual basis for an objective person to reasonably doubt or question the impartiality of the undersigned. *Cf. Cooley*, 1 F.3d at 994 ("[T]here is as much obligation for a judge not to recuse when there is no occasion for him to do so as there is for him to do so when there is." (internal quotation marks omitted)). A recusal motion is not a proper "avenue to attack adverse rulings" made against a litigant. *Glass v. Pfeffer*, 849 F.2d 1261, 1228 (10th Cir. 1988); *accord Cooley*, 1 F.3d at 994. And it is well established that "[d]elays or omissions by a judge . . . are not grounds for disqualification." *Aspinall v. United States*, 984 F.2d 355, 357 (10th Cir. 1993).

CONCLUSION

For the foregoing reasons, Plaintiff's request for relief under Federal Rule of Civil Procedure 60(b)(6) is DENIED. Plaintiff's Objection (Doc. No. 81) is OVERRULED.

The Clerk of Court is directed to supplement the appellate record in accordance with Tenth Circuit Rule 3.2(B).

IT IS SO ORDERED this 14th day of August, 2026.

CHARLES B. GOODWIN
United States District Judge