**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **MARTINA O. OLUPITAN, MHA,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No. CIV-24-349-G** |
| **STATE OF OKLAHOMA *ex rel.* THE BOARD OF REGENTS OF THE UNIVERSITY OF OKLAHOMA et al.,** | ) | |
| **Defendants.** | ) | |

**ORDER**

Now before the Court Plaintiff Martina O. Olupitan, MHA's "Objection to the Court's Order [Dkt.78]" (Doc. No. 82). Defendants[1] have responded (Doc. No. 100) and Plaintiff has replied (Doc. No. 103).

*I. Background*

Plaintiff, appearing pro se, commenced this action in April 2024, bringing federal and state-law claims against nine defendants. *See* Compl. (Doc. No. 1). Defendants moved to dismiss Plaintiff's claims. *See* Defs.' Mot. to Dismiss (Doc. No. 25).

While Defendants' motion to dismiss was pending, Plaintiff filed a Motion (Doc. No. 38) seeking leave to use the Court's Electronic Case Filing ("ECF") system as a pro se filer. The Court denied Plaintiff's Motion. See Order of Jan. 21, 2025 (Doc. No. 40).

[1] Defendants are: State of Oklahoma *ex rel.* The Board of Regents of the University of Oklahoma; Michael J. Smith, PharmD; Gary Raskob, PhD; Valerie Williams, PhD; Laura Stuemky, MD; Ashley Cheyney, PhD; Andrei Belousov, PhD; Katherine O'Neal, PharmD; and Lori Klimkowski.

Plaintiff then filed a Motion for Reconsideration (Doc. No. 46), asking the Court to reconsider its disposition. The Court denied the Motion for Reconsideration, finding that the denial of ECF permissions "reflect[ed] no clear error or manifest injustice." *Olupitan v. Okla. ex rel. Bd. of Regents of Univ. of Okla.*, No. CIV 24-349-G, 2025 WL 980949, at *7 (W.D. Okla. Apr. 1, 2025). In the same Order, the Court granted Defendants' motion to dismiss as to Plaintiff's federal claims and declined to exercise supplemental jurisdiction over Plaintiff's state-law claims. *See id.*

On April 2, 2025, Plaintiff filed a Motion for Relief (Doc. No. 50), challenging the Court's denial of the Motion for Reconsideration. The Court denied Plaintiff's Motion for Relief, holding that Plaintiff had failed to show an entitlement to relief under Rule 60(b)(6) of the Federal Rules of Civil Procedure. *See* Order of Feb. 26, 2026 ("ECF Order") (Doc. No. 78).

*II. Plaintiff's Objection*

In her Objection, Plaintiff argues that the Court erred in denying her request for ECF Access both initially and in ruling on her later motions. *See* Pl.'s Obj. at 1-4.

Liberally construed, Plaintiff's Objection seeks reconsideration of the ECF Order pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. "Rule 60(b) allows a court to 'relieve a party or its legal representative from a final judgment, order, or proceeding,' for certain enumerated reasons." *Waetzig v. Halliburton Energy Servs., Inc.*, 145 F.4th 1279, 1282 (10th Cir. 2025) (quoting Fed. R. Civ. P. 60(b)).

As relevant here, the Rule prescribes: "On motion and just terms, the court may relieve a party . . . from a final . . . order for" "any . . . reason that justifies relief." Fed. R.

Civ. P. 60(b)(6). Relief under Rule 60(b)(6) is "difficult to attain," "extraordinary," and "may only be granted in exceptional circumstances." *Davis v. Kan. Dep't of Corr.*, 507 F.3d 1246, 1248 (10th Cir. 2007) (internal quotation marks omitted); *see also Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 580 (10th Cir. 1996) (explaining that relief under Rule 60(b)(6) is appropriate "when circumstances are so unusual or compelling that extraordinary relief is warranted" "or when it offends justice to deny such relief" (internal quotation marks omitted)); *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000) ("A Rule 60(b) motion is not intended to be a substitute for a direct appeal.").

In this latest challenge, Plaintiff largely repeats her previous arguments regarding the alleged prejudice suffered from a lack of ECF access and the alleged bias underlying the Court's ruling. *Compare* Pl.'s Obj. at 2-4, *with* Pl.'s Mot. Reconsideration at 1-4, *and* Pl.'s Mot. Relief at 2-6. "Absent extraordinary circumstances," however, the basis for a successive Rule 60(b) motion "must not have been available at the time the first motion was filed." *Servants of the Paraclete*, 204 F.3d at 1012. Plaintiff's reurged arguments, "supporting facts [that] were available" when she filed the Rule 60(b)(3) motion, and broad assertions that the Court erred in the ECF Order do not establish that it would "offend[] justice to deny" relief or present any "exceptional circumstances" warranting relief. *Id.*; *Davis*, 507 F.3d at 1248 (internal quotation marks omitted); *see* Pl.'s Obj. at 2, 3.

CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff's request for relief under Federal Rule of Civil Procedure 60(b)(6) is DENIED. Plaintiff's Objection (Doc. No. 82) is OVERRULED.

The Clerk of Court is directed to supplement the appellate record in accordance with Tenth Circuit Rule 3.2(B).

IT IS SO ORDERED this 14th day of August, 2026.

CHARLES B. GOODWIN
United States District Judge