**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **MARTINA O. OLUPITAN, MHA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-24-349-G** |
| | ) | |
| **STATE OF OKLAHOMA *ex rel.* THE BOARD OF REGENTS OF THE UNIVERSITY OF OKLAHOMA et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

# ORDER

Now before the Court Plaintiff Martina O. Olupitan, MHA's "Objection to the Court's Order [Dkt.77] In Its Entirety" (Doc. No. 84). Defendants[1] have responded (Doc. No. 100) and Plaintiff has replied (Doc. No. 103).

## *I. Background*

Plaintiff, appearing pro se, commenced this action in April 2024, bringing federal and state-law claims against nine defendants. *See* Compl. (Doc. No. 1). Defendants moved to dismiss Plaintiff's claims. *See* Defs.' Mot. to Dismiss (Doc. No. 25).

On July 5, 2024, Plaintiff filed a Motion to Disqualify (Doc. No. 21), seeking to have certain of the defendants' counsel disqualified and removed from the case. Following briefing, the Court denied Plaintiff's request. *See* Order of Mar. 31, 2025 (Doc. No. 48).

[1] Defendants are: State of Oklahoma *ex rel.* The Board of Regents of the University of Oklahoma; Michael J. Smith, PharmD; Gary Raskob, PhD; Valerie Williams, PhD; Laura Stuemky, MD; Ashley Cheyney, PhD; Andrei Belousov, PhD; Katherine O'Neal, PharmD; and Lori Klimkowski.

Plaintiff then filed a Motion for Relief (Doc. No. 63) from the denial of disqualification pursuant to Rule 60(b)(3) of the Federal Rules of Civil Procedure. The Court denied Plaintiff's Motion for Relief. *See* Order of Feb. 26, 2026 (the "Rule 60(b)(3) Order") (Doc. No. 77).

On April 1, 2025, the Court granted Defendants' Motion to Dismiss as to Plaintiff's federal claims and declined to exercise supplemental jurisdiction over Plaintiff's state-law claims. *See Olupitan v. Okla. ex rel. Bd. of Regents of Univ. of Okla.*, No. CIV-24-349-G, 2025 WL 980949, at *7 (W.D. Okla. Apr. 1, 2025), *appeal docketed*, No. 25-6055 (10th Cir. Apr. 14, 2025). The Court entered Judgment dismissing this matter without prejudice the following day. *See* J. (Doc. No. 51).

*II. Plaintiff's Objection*

In her Objection, Plaintiff argues that the Court erred in denying her request for disqualification of Defendants' counsel both initially and when ruling on her Rule 60(b)(3) motion. *See* Pl.'s Obj. at 1-4.

Liberally construed, Plaintiff's Objection seeks reconsideration of the Rule 60(b)(3) Order, which itself denied reconsideration of the denial of disqualification of Defendants' counsel, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. "Rule 60(b) allows a court to 'relieve a party or its legal representative from a final judgment, order, or proceeding,' for certain enumerated reasons." *Waetzig v. Halliburton Energy Servs., Inc.*, 145 F.4th 1279, 1282 (10th Cir. 2025) (quoting Fed. R. Civ. P. 60(b)).

As relevant here, the Rule prescribes: "On motion and just terms, the court may relieve a party . . . from a final . . . order for" "any . . . reason that justifies relief." Fed. R.

Civ. P. 60(b)(6). Relief under Rule 60(b)(6) is "difficult to attain," "extraordinary," and "may only be granted in exceptional circumstances." *Davis v. Kan. Dep't of Corr.*, 507 F.3d 1246, 1248 (10th Cir. 2007) (internal quotation marks omitted); *see also Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 580 (10th Cir. 1996) (explaining that relief under Rule 60(b)(6) is appropriate "when circumstances are so unusual or compelling that extraordinary relief is warranted" "or when it offends justice to deny such relief" (internal quotation marks omitted)); *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000) ("A Rule 60(b) motion is not intended to be a substitute for a direct appeal.").

In support of her Objection, Plaintiff primarily repeats her previous arguments regarding the alleged misconduct of Defendants' counsel and the alleged bias of the Court's rulings. *See* Pl.'s Obj. at 2-4; *see also* Pl.'s Mot. Relief at 2-12; Pl.'s Mot. to Disqualify at 2-4. "Absent extraordinary circumstances," however, the basis for a successive Rule 60(b) motion "must not have been available at the time the first motion was filed." *Servants of the Paraclete*, 204 F.3d at 1012. Plaintiff's reurging of disqualification arguments, with "supporting facts [that] were available" when she filed the Rule 60(b)(3) motion, does not show that it would "offend[] justice to deny" relief or any "exceptional circumstances" warranting relief. *Id.*; *Davis*, 507 F.3d at 1248 (internal quotation marks omitted).

CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff's request for relief under Federal Rule of Civil Procedure 60(b)(6) is DENIED. Plaintiff's Objection (Doc. No. 84) is OVERRULED.

The Clerk of Court is directed to supplement the appellate record in accordance with Tenth Circuit Rule 3.2(B).

IT IS SO ORDERED this 14th day of August, 2026.

CHARLES B. GOODWIN
United States District Judge